## No. 26734

### The People of the State of Colorado v. Freddie Lee Young

(555 P.2d 1160)

Decided November 1, 1976.                    Rehearing denied November 22, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant-appellant appeals his conviction of accessory to first degree murder, 1971 Perm. Supp., C.R.S. 1963, 40-8-105.[1] We affirm.

The record discloses the following events which occurred in Colorado Springs. During defendant's trial Mr. Cecil Rowe testified that at approximately 8:30 p.m. on August 31, 1973, he observed an automobile drive along West Pike's Peak Street near his home and stop. He saw a man riding on the passenger side of the car remove a person from the back seat, and place him against the curb. The passenger then re-entered the car, and the car left. The evidence showed that the passenger who was placed against the curb subsequently died from a gun shot wound inflicted by the

---

[1] Now section 18-8-105, C.R.S. 1973.

passenger who re-entered the auto.

Officer Bush testified that at 8:35 on the same evening he pursued an automobile driven by defendant which was similar to the car described by Mr. Rowe, after the auto had run a red light. When the defendant's car stopped, the person on the passenger side fled the vehicle. When Officer Bush asked defendant why the man had run, the defendant replied that he did not know, and that the passenger had been a hitch-hiker. The officer allowed defendant to drive on, and did not issue a citation.

Officer Ed Lans testified that on September 10, 1973, defendant appeared at the Colorado Springs police station. After being advised of his rights, he began to relate, in the first of three versions, what had happened the night of August 31, 1973. According to Officer Lans, defendant stated that he.had been approached by a person whom he later identified as Flip Small who sought a ride from West Colorado Avenue to west Colorado Springs in exchange for two dollars. Defendant agreed to the proposition. However, he became lost en route, and when he was stopped for a traffic violation his passenger ran from the vehicle.

In his second version, defendant stated that he had agreed to give two strangers a ride to west Colorado Springs in return for two dollars. During the ride the two appeared to be engaged in a narcotics transaction. The passenger in the rear seat pulled a gun. During a struggle which ensued, the back seat passenger was wounded. The front seat passenger then told defendant where to drive, and subsequently ordered him to stop the car. The front seat passenger removed the wounded passenger from the car and placed him against the curb. He then re-entered the vehicle and ordered defendant to continue driving. When defendant was stopped by the police, the passenger fled.

Detective Short testified that late in the evening of September 10, 1975, defendant offered interrogators a third version of the incident. On this occasion defendant stated that he and his friend, Flip Small, had approached a male person standing on Colorado Avenue around 8:00 p.m. They pursuaded the stranger to get into the car in order to show them the way to the "Merry-Go-Round", a bar on West Colorado Avenue. On the way, Flip Small took a gun from the glove compartment, pointed it at the stranger, and demanded money. A struggle ensued in which Small hit the stranger, and the gun discharged, wounding the stranger. Small then directed defendant to another street and told him to stop the car. Thereupon Small unloaded the wounded man, got back in the car, and said to defendant "let's go man." When defendant was stopped by the police, Small jumped out of the car. Defendant stated that he had not told the officer why Small had run off because Small was hiding in the bushes nearby with the gun and defendant was afraid.

Defendant also told the police interrogators that when he returned to Denver, he asked his wife to wash the blood from the back seat of the car.

Defendant contends the following errors require this court to reverse the judgment of the trial court: (1) 1971 Perm. Supp., C.R.S. 1963, 40-8-105 is unconstitutionally vague and overbroad. (2) The evidence was insufficient to sustain the verdict of the jury. (3) The trial court erred in refusing to submit one of defendant's instructions to the jury.

■ We do not agree with defendant's first assignment of error. The statute meets the accepted test in this jurisdiction by giving fair warning of the conduct forbidden. Men of common intelligence can readily comprehend the statute's meaning and application. *See Self v. People*, 167 Colo. 292, 448 P.2d 619 (1968), and cases cited therein.

Defendant's next assignment of error is based on the contention that the evidence was insufficient to support the verdict. As stated in defendant's brief, "the People presented no evidence whatsoever that Defendant *knew* 'that the person being assisted has committed . . . a crime . . . designated by the code as a class 1 or 2 felony.'" 1971 Perm. Supp., C.R.S. 1963, 40-8-105(3). He further argues that his "equivocation" during the interrogation was an insufficient basis for the jury to find an act of deception which obstructed the discovery and apprehension of the perpetrator of the crime.

■ The portion of the statute quoted by defendant is misleading. Section 40-8-105(3) provides:

"Being an accessory to crime is a class 4 felony if the offender knows that the person being assisted has committed or has been convicted of, or is charged by pending information, indictment, or complaint with a crime, and if that crime is designated by this code as a class 1 or class 2 felony."

The relevant standard for knowledge in regard to the accessory statute is whether defendant knew the principal had committed a crime. It is not necessary for the defendant to have known that the crime committed was of a particular class. The statutory classification of the crime committed by the principal (class one or two felony) is only relevant in determining the degree of the accessory charge (class four or five felony or class one petty offense). There is ample competent evidence in the record to support the jury's conclusion that the defendant knew that the victim had been shot in the course of a robbery.

■ As to defendant's contention that the "equivocation" was insufficient to support the verdict, this court has repeatedly held that when evidence is challenged on this ground, the appellate court must view the evidence in the light most favorable to the jury's verdict. *People v. Trujillo*, 190 Colo. 45, 543 P.2d 523 (1975); *People v. Black*, 185 Colo. 308, 523 P.2d 1402 (1974); *People v. Lankford*, 185 Colo. 445, 524 P.2d 1382 (1974). Viewing the evidence in light of this standard, we find at least four instances where the evidence is sufficient to support the jury's verdict. First, when defendant was stopped for the traffic violation, he hindered Small's apprehension by lying to the officer about Small's hasty

departure. Twice during his interrogation, defendant obstructed the police in apprehending Small by lying about the occurrences of August 31, 1973. Finally, by instructing his wife to clean the back seat of his car defendant destroyed physical evidence that might have aided in Small's apprehension and conviction.

In defendant's final assignment of error he contends that the trial court erred in refusing to submit one of his requested instructions to the jury. This instruction provided, in effect, that mere silence or failure to inform the authorities of a crime committed by another person does not establish that a defendant was an accessory to the crime. While we agree that a defendant is entitled to an instruction on his theory of the case, he is not entitled to the instruction where there is no support in the record for his theory. *Gould v. People*, 167 Colo. 113, 445 P.2d 580 (1968).

The judgment is affirmed.