The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

David Raymond BARRERAS,
Defendant–Appellant.

No. 79CA0049.

Colorado Court of Appeals,
Div. II.

June 19, 1980.

Rehearing Denied July 17, 1980.

Certiorari Granted Oct. 20, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Susan P. Mele–Sernovitz, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, David J. Scott, Spec. Deputy State Public Defender, Denver, for defendant–appellant.

KIRSHBAUM, Judge.

Defendant appeals his conviction after a trial to court of the offense of accessory to crime. The information alleged that the principal committed the offenses of first degree criminal trespass and theft of auto parts. We affirm.

On March 3, 1978, defendant parked his car in a semi–secluded place across the street from a Colorado Springs department store parking lot. He was accompanied by his brother William and his cousin Ruben. The car was low on gas, and the three discussed the necessity of obtaining money for fuel. William left the car and entered the parking lot. At a point outside defendant's view he forced open a door of a parked car, ripped the car's stereo set out of its brackets, and carried it away. Noticing three bystanders observing his conduct, William ran back to defendant's car, jumped in, and said, "The stereo is for me, my money. I do what I want to do with it." Defendant immediately drove away.

The three witnesses followed in another car. After a brief chase, defendant stopped. The witnesses then approached his car and asked to see the stereo set. Defendant and his relatives denied knowledge or possession of any stereo set. Requesting the boys to drive back to the store, the witnesses returned to their car. Defendant then drove to the house he and William occupied. Both were later arrested, and the stereo set was recovered from the top of the refrigerator in their kitchen.

The trial court concluded that defendant did not know the stereo set had been removed from an automobile, but that he did know "that there had been a criminal offense committed of some sort of theft . . ." Defendant contends that these factual determinations required the trial court to

enter judgment of acquittal as to the charge of accessory to criminal trespass because the defendant had no knowledge of the facts surrounding the commission of that specific underlying crime. The People assert that they were required to proved only that defendant had knowledge that some crime had been committed. Under the circumstances present here, we agree with the People's contention.

The offense of accessory to crime is defined in § 18–8–105(1), C.R.S. 1973 (1978 Repl. Vol. 8) as follows:

> "A person is an accessory to crime if, with intent to hinder, delay, or prevent the discovery, detection, apprehension, prosecution, conviction, or punishment of another for the commission of a crime, he renders assistance to such person."

The penalty for conviction as an accessory to crime, insofar as is here relevant, is set forth in § 18–8–105(5), C.R.S. 1973 (1978 Repl. Vol. 8) as follows:

> "Being an accessory to crime is a class 5 felony if the offender knows that the person being assisted has committed, or has been convicted of, or is charged by pending information, indictment, or complaint with a crime, or is suspected of or wanted for a crime, and if that crime is designated by this code as a felony other than a class 1 or class 2 felony."

The definition contained in § 18–8–105(1) embraces different types of acts. *See Model Penal Code* § 208.32 (Tent. Draft No. 9, 1959) (including comments); *Model Penal Code*, § 242.3–§ 242.5 (Proposed Official Draft 1962); N.Y. Penal Law §§ 205.50, 205.55, 205.60 and 205.65 (McKinney 1975).

The fourth count of the information filed in this case alleges that defendant "with intent to interfere with the apprehension or conviction of an unknown principal for the commission of First Degree Criminal Trespass and Theft of Auto Parts Felony ... did knowingly ... render assistance to" that principal. Unauthorized entry into a motor vehicle is an essential element of first degree criminal trespass. Section 18–4–502, C.R.S. 1973 (1978 Repl. Vol. 8); *see People v. Walters*, 39 Colo.App. 119, 568 P.2d 61 (1977).

The information contains language charging the offense of interfering with the apprehension of another, or harboring another—one of the types of conduct prohibited by the accessory to crime statute. Thus we need not decide whether a charge of interfering with the conviction of another—conduct also prohibited by the statute—could be proved in the absence of evidence that the defendant had knowledge of the facts of the underlying offense involved.

The immediate predecessor to § 18–8–105, *supra*, stated as follows:

> "An accessory after the fact is a person who, after a full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime. Any person found guilty of being an accessory during or after the fact, shall be imprisoned for any term not exceeding two years, and fined in a sum not exceeding five hundred dollars, in the discretion of the court, to be regulated by the circumstances of the case and the enormity of the crime ...." C.R.S. 1963, § 40–1–13.

Prior to the adoption of § 18–8–105(1), proof that the defendant had full knowledge of the underlying crime actually committed was a condition precedent to conviction for the statutory offense of accessory after the fact. *Lowe v. People*, 135 Colo. 209, 309 P.2d 601 (1957); *Roberts v. People*, 103 Colo. 250, 87 P.2d 251 (1938). *See* Colo. J. I. (Crim.) 25.4. Those decisions followed the rule adopted by most jurisdictions, albeit under quite different statutory definitions. *See Commonwealth v. Devlin*, 366 Mass. 132, 314 N.E.2d 897 (1974); *Harris v. Mississippi*, Miss., 290 So.2d 924 (1974); *People v. Clough*, 43 App.Div.2d 451, 353 N.Y. S.2d 260 (1974). *Contra, Maddox v. Commonwealth*, 349 S.W.2d 686 (Ky.1960); *State v. Lynch*, 79 N.J. 327, 399 A.2d 629 (1979). This full knowledge requirement avoided such hypothetical anomalies as an accessory to murder conviction of the driver of an automobile who transports one who had committed murder while shoplifting when the driver's only information is that the principal entered a store unarmed and seized a particular item of minor value.

However, in *People v. Young*, 192 Colo. 65, 555 P.2d 1160 (1976) the Supreme Court indicated that the current accessory to crime statute does not necessarily require proof of full knowledge of the underlying offense. In that case the jury had been instructed that it must find that the defendant knew a murder had been committed in order to return a verdict of guilty to accessory to murder. On appeal the defendant argued that the evidence did not justify a conclusion that he knew the crime committed was classified as a class one or class two felony. The Supreme Court rejected that assertion as follows:

"The relevant standard for knowledge in regard to the accessory statute is whether defendant knew the principal had committed *a crime*. It is not necessary for the defendant to have known that the crime committed was of a particular class. The statutory classification of the crime committed by the principal (class one or two felony) is only relevant in determining the degree of the accessory charge (class four or five felony or class one petty offense). There is ample competent evidence in the record to support the jury's conclusion that the defendant knew that the victim had been shot in the course of a robbery." 192 Colo. at 68, 555 P.2d at 1162. (emphasis supplied)

Because we deem this language dispositive of the issue here raised, we must reject defendant's contention that § 18–8–105, C.R.S. 1973 (1978 Repl. Vol. 8) retains the full knowledge requirement of Colorado's previous accessory after the fact statutes.

Defendant also contends that because theft of auto parts was not a crime designated by the criminal code at the time of defendant's conviction it could not have been relied upon as an underlying offense for purposes of the accessory to crime statute. Because defendant's conviction is affirmed insofar as it is based upon the principal's commission of criminal trespass, this contention is moot.

The judgment is affirmed.

RULAND and STERNBERG, JJ., concur.