**David Raymond BARRERAS, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 80SC207.**

Supreme Court of Colorado,
En Banc.

Nov. 2, 1981.

As Modified on Denial of Rehearing
Nov. 23, 1981.

J. Gregory Walta, Colorado State Public Defender, David J. Scott, Sp. Deputy State Public Defender, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for respondent.

---

HODGES, Chief Justice.

Certiorari was granted to review the opinion of the court of appeals affirming the conviction of Petitioner Barreras as an accessory to first-degree criminal trespass [1] and theft of auto parts [2] under the accessory statute.[3] *People v. Barreras*, Colo.App., 618 P.2d 704 (1980). Petitioner's accessory conviction is affirmed; however, we base this decision on the underlying theft of auto parts charge and not on the underlying first-degree criminal trespass charge.

Petitioner Barreras, his brother William, and his cousin, Ruben, were driving around Colorado Springs in the petitioner's car, and were discussing the necessity of obtaining money for gasoline. In the course of travel, petitioner turned onto a dirt road near a department store and parked. William got out and walked toward the department store. At a point outside of petitioner's view, William observed a stereo set inside of a car parked in the store's parking lot. He forced the door of the car open, then ripped the stereo set out of its brackets. As William walked away, three bystanders, who had witnessed the act, yelled at him to stop. Instead, William ran back to petitioner's car. Jumping in, he stated: "The stereo is for me, my money. I do what I want to do with it." Petitioner, William, and Ruben then drove away.

The three witnesses began pursuing them in another car. After a brief chase, petitioner's car came to a stop. The witnesses approached the car and asked where the stereo was. Petitioner and his two companions denied having any knowledge of a stereo set. The three witnesses then requested that petitioner drive back to the department store to straighten the matter out. As the witnesses returned to their car, petitioner drove off, going instead to the house where he and William lived. One of the witnesses wrote down the car's license plate number, and later, both petitioner and William were arrested.

Trial was to the court. The trial judge found petitioner guilty of accessory to the felonies of first-degree criminal trespass and theft of auto parts, after first determining that the petitioner knew "there had been a criminal offense committed of some sort of theft...." The court acknowledged, however, that petitioner did not know the stereo set had been removed from an automobile.

Petitioner contends that based on this recognized absence of knowledge, a judgment of acquittal must be entered on the charge of accessory to both first-degree criminal trespass and theft of auto parts. He further alleges that his conviction of accessory to theft of auto parts is invalid because, as a Title 42 offense, it is specifically excluded from the accessory statute, section 18–8–105, C.R.S.1973 (1978 Repl.Vol. 8), which requires that accessory offenses be designated within Title 18. *See* section 18–1–101(1), C.R.S.1973 (1978 Repl.Vol. 8). In opposition, the People assert that establishing either offense only requires proof that defendant know that "some crime" has been committed and that such evidence had been provided here. Secondly, the People also contend that the General Assembly intended Title 18 to govern all offenses, as evidenced in section 18–1–103(1), C.R.S.1973 (1978 Repl.Vol. 8) which states in relevant part:

"... the provisions of this code govern the construction of and punishment for any offense defined in any statute of this state, whether in this title or elsewhere, and which is committed on or after July 1, 1972, as well as the construction and application of any defense to a prosecution for such an offense."

It is asserted by the People that this statute clearly places theft of auto parts within the accessory statute.

Agreeing with the People's first contention, the court of appeals affirmed petitioner's accessory to first-degree criminal tres-

---

**1.** Section 18–4–502, C.R.S.1973 (1978 Repl.Vol. 8).

**2.** Section 42–5–104, C.R.S.1973.

**3.** Section 18–8–105(5), C.R.S.1973 (1978 Repl. Vol. 8).

pass conviction. However, the court found the issue surrounding the accessory to theft of auto parts conviction to be moot in light of the conviction on accessory to first-degree criminal trespass. We disagree with the court of appeals' analysis on both issues, and while we affirm the petitioner's conviction on the accessory charge, we do so on entirely different grounds.

The offense of accessory to crime is defined in section 18–8–105(1), C.R.S.1973 (1978 Repl. Vol. 8), as follows:

"A person is an accessory to crime if, with intent to hinder, delay, or prevent the discovery, detection, apprehension, prosecution, conviction, or punishment of another for the commission of a crime, he renders assistance to such person."

The penalty for conviction as an accessory to crime is set forth in section 18–8–105(5), C.R.S.1973 (1978 Repl.Vol. 8):

"Being an accessory to crime is a class 5 felony if the offender knows that the person being assisted has committed, or has been convicted of, or is charged by pending information, indictment, or complaint with a crime, or is suspected of or wanted for a crime, and if that crime is designated by this code as a felony other than a class 1 or class 2 felony."

Consequently, to establish that an accused is guilty of being an accessory, the following statutory elements must be proven by the People's evidence: (1) that a crime has been committed; (2) that the accused rendered assistance to the actor; (3) that the accused intended "to hinder, delay, or prevent the discovery, detection, apprehension, prosecution, conviction, or punishment" of the principal; (4) that the accused knew that the person being assisted has committed, or has been convicted of, or is charged by pending information, indictment, or complaint with such crime, or is suspected of or wanted in connection with such crime; and, (5) that the underlying crime is designated as a felony other than a class 1 or 2 felony.

Applied to the instant facts, a conviction under the accessory statute would be sustainable if the People had established that the principal committed first-degree criminal trespass or theft of auto parts, and that the petitioner, having the requisite intent and knowledge of the underlying facts, assisted him in avoiding apprehension.

FIRST–DEGREE CRIMINAL TRESPASS

In pertinent part, first-degree criminal trespass embraces situations where a person knowingly and unlawfully enters a motor vehicle with the intent to steal something of value. In *People v. Young*, 192 Colo. 65, 555 P.2d 1160 (1976), we held that under the accessory statute, the accused need not know the statutory classification of the underlying offense, but that he must know that the principal committed a crime. While we agree with the court of appeals' interpretation that *Young* does not require the accused to have full knowledge of the elements in the underlying offense, we disagree with their view that he need only know that some sort of crime occurred. Instead, we find the accessory statute to require a showing that the accused have knowledge of the general character of the underlying offense.

Applied to this case, conviction of accessory to first-degree criminal trespass requires a showing that petitioner knew that the principal had committed an unlawful trespass in acquiring the stolen stereo set. As the trial court's finding clearly shows, he was unaware of any such trespass occurring. Accordingly, we hold his conviction of accessory to first-degree criminal trespass was invalid.

THEFT OF AUTO PARTS

Petitioner's accessory conviction also included the underlying offense of theft of auto parts. As mentioned, he contends that the accessory statute applies only to crimes defined in the Colorado Criminal Code, Title 13, and not to non-code offenses. We disagree with this reasoning.

In pertinent part, section 18–1–103(1), C.R.S.1973 (1978 Repl.Vol. 8), states that "unless the context otherwise requires, the provisions of this code govern the construc-

tion of and punishment for *any offense defined in any statute of this state, whether in this title or elsewhere....*" (Emphasis added.)

The reference in section 18- 8–105, C.R.S. 1973 (1978 Repl.Vol. 8), to crimes "designated by this code" relates only to the degree of penalty applicable to the various grades of accessory. In short, there is nothing in the statutory context of section 18–8–105 indicating a legislative intent to prohibit the application of its provisions to non-code crimes.

The effect of petitioner's preferred construction would be to preclude accessory prosecutions under section 18–8–105 for crimes not specifically defined within Title 18. Thus, the crime of accessory would be inapplicable to those offenses established in the Consumer Protection Act within Title 6, to securities fraud as proscribed in Title 11, to those drug offenses proscribed in Title 12, to motor vehicle offenses found in Title 42, and to a host of other non-code crimes. Such a construction runs counter to the intent expressed in section 18–1–103(1), where the legislature extends the Colorado Criminal Code's provisions to "crimes defined in any statute of this state." This reasoning applies with even greater assurance in cases such as this where there is nothing in the statutory scheme controverting this intent. Accordingly, we reject this argument of petitioner.

■ Lastly, we reject petitioner's claim that his lack of knowledge concerning the illegal entry of a motor vehicle demands that we vacate his conviction for accessory to theft of auto parts. While his ignorance of this entry showed he was unaware that a trespass had occurred, the evidence and the trial court's finding demonstrate that he knew a theft had occurred. In accordance with our opinion in *People v. Young, supra,* we find this knowledge sufficient to sustain petitioner's conviction of accessory to theft of auto parts. Applying the accessory statute to these facts, the petitioner need not have knowledge of each and every specific element of the underlying offense, but he must have knowledge of the general char-

acter of the underlying offense, namely, that a theft occurred. Here, he had such knowledge.

While we affirm petitioner's conviction under the accessory statute, we do so upon different grounds than the court of appeals. The judgment is therefore affirmed.