Ken **NOBLIT**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–3140.

Court of Appeals of Alaska.

March 29, 1991.

Rehearing Granted and Opinion Amended May 31, 1991.

Charles Easaw, Asst. Public Advocate, Fairbanks, and Brant McGee, Public Advocate, Office of Public Advocacy, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

## OPINION

BRYNER, Chief Judge.

Ken Noblit was convicted, after a jury trial, of hindering prosecution in the first degree. Superior Court Judge Niesje J. Steinkruger sentenced Noblit to a term of three years with one and one-half years suspended. Noblit appeals, contending that the trial court failed to instruct the jury properly on the culpable mental state for his offense and that his sentence is excessive. We affirm.

On August 19, 1988, Noblit's housemate, Phillip Baird stabbed and killed a man—apparently while engaging in sadomasochistic sexual activities. The homicide occurred in the victim's apartment and was not discovered until the following day, August 20.

Noblit played no part in the killing and was not present when it happened. During the ensuing weeks, however, he engaged in a variety of acts that hindered police efforts to locate and apprehend Baird. Baird was ultimately arrested on September 15, 1988, at the trailer he shared with Noblit. He was eventually convicted of murder in the second degree.

The state charged Noblit with hindering prosecution in the first degree, in violation of AS 11.56.770(a):

(a) A person commits the crime of hindering prosecution in the first degree if the person renders assistance to a person who has committed a crime punishable as a felony with intent to

(1) hinder the apprehension, prosecution, conviction, or punishment of that person; or

(2) assist that person in profiting or benefiting from the commission of the crime.

At the conclusion of Noblit's trial, the superior court instructed the jury, in relevant part, that the state was required to prove that Noblit "knowingly rendered assistance to a person who had committed a crime punishable as a felony," and that, in doing so, he "intended to hinder the apprehension, prosecution, conviction, or punishment of that person." The court rejected, however, Noblit's request to further instruct the jury that Noblit was required to have acted knowingly or recklessly with respect to the fact that Baird's crime was "punishable as a felony." While specifying that the state was required to prove that Baird's crime had in fact been a felony, the court instructed that "it is not required that the defendant knew the crime was a felony."

On appeal, Noblit challenges the validity of the trial court's instructions on the elements of the offense. In addressing Noblit's argument, we begin by considering Alaska's hindering prosecution statutes.

Under Alaska law, the distinction between hindering prosecution in the first and second degrees hinges on the serious-

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

ness of the crime committed by the person whose prosecution is hindered. Hindering prosecution in the first degree, a class C felony, occurs when a "person renders assistance to a person who has committed a crime punishable as a felony. . . ." AS 11.-56.770(a). Hindering prosecution in the second degree, a class B misdemeanor, occurs when a "person renders assistance to another who has committed a crime punishable by imprisonment for more than 90 days. . . ." AS 11.56.780(a). The first- and second-degree offenses are identical in all respects other than the seriousness of the underlying crime. For both offenses the defendant must engage in conduct that "renders assistance"[1] to a person who has actually committed a crime. Both offenses are specific intent crimes: the state must prove, in relevant part, that the defendant acted "with intent to hinder the apprehension, prosecution, conviction, or punishment of that person; or assist that person in profiting or benefiting from the commission of the crime." AS 11.56.770(a)(1) and (2); AS 11.56.780(a)(1) and (2). This requirement of a specific intent to hinder the prosecution of a person who has committed a crime necessarily presupposes the defendant's knowledge that the underlying crime has been committed.[2]

To prove its charge of hindering prosecution in the first degree in Noblit's case, it was thus incumbent on the state to establish that Phillip Baird had committed a homicide, that his crime was punishable as a felony, and that Noblit rendered assistance to Baird after he had committed a crime. The state was further required to show that Noblit assisted Baird with knowledge of Baird's criminal conduct and with the specific intent to hinder Baird's prosecution.

▮ The jury instructions in this case adequately recited these statutory elements. Noblit nevertheless insists that the instructions were flawed because they omitted a further element. According to Noblit, the trial court should have told the jury that it could not convict for hindering prosecution in the first degree unless it found that Noblit actually knew or recklessly disregarded that Baird's illegal conduct was punishable as a felony. While Noblit concedes that this element does not appear in the statutory definition of hindering prosecution in the first degree, he contends that it should be added by judicial interpretation.

We disagree. In enacting our hindering prosecution statutes, the Alaska legislature unequivocally expressed the intent to dispense with any requirement of awareness as to the legal classification of the crime committed by the assisted person:

> To commit either degree of hindering prosecution, the defendant must act with an "intent to hinder the apprehension, prosecution, conviction or punishment" of a person or to assist a person "in profiting or benefiting from the crime." The first-degree offense, a class C felony, requires that a felon be aided. The defendant is not required to know that the crime committed by the person he

---

1. The term "renders assistance" is identically defined in AS 11.56.770(b) for both offenses:

 (b) For purposes of this section, a person "renders assistance" to another person if the person

 (1) harbors or conceals the other person;

 (2) warns the other person of impending discovery or apprehension;

 (3) provides or aids in providing the other person with money, transportation, a dangerous instrument, a disguise, or other means of avoiding discovery or apprehension;

 (4) prevents or obstructs, by means of force, threat, or deception, anyone from performing an act which might aid in the discovery or apprehension of the other person;

 (5) suppresses by an act of concealment, alteration, or destruction physical evidence

which might aid in the discovery or apprehension of the other person; or

 (6) aids the other person in securing or protecting the proceeds of the crime.

2. In this context, however, knowledge does not equate with certainty. Alaska Statute 11.81.-900(a)(2) provides, in relevant part: "[W]hen knowledge of the existence of a particular fact is an element of an offense, that knowledge is established if a person is aware of a substantial probability of its existence. . . ." The trial court accurately instructed the jury that the state was required to prove that Noblit "was aware of a substantial probability" that Baird had committed a crime. This language reflects the statutory definition of knowing conduct.

aided was a felony. Strict liability is applied to this element.

Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 86–87, 1978 Senate Journal 1399.

This commentary is particularly significant in light of the prominent role that legislative intent plays in determining when a culpable mental state should be deemed to attach to an element of an offense. Under AS 11.81.600(b)(2), when no culpable mental state is specified for an element of an offense, none need be implied "if a legislative intent to dispense with the culpable mental state requirement is present." In the case of hindering prosecution in the first degree, the legislature clearly expressed its intent to dispense with the disputed element.[3]

The commentary to Model Penal Code § 242.3[4] further undercuts Noblit's culpable mental state argument. Section 242.3 is generally similar to Alaska's hindering prosecution statutes. Like the Alaska statutes, it hinges the seriousness of a hindering prosecution charge on the seriousness of the underlying crime. The commentary to Model Penal Code § 242.3 highlights the difference between the defendant's awareness of the conduct constituting the underlying crime and actual knowledge of the legal classification that would apply to that conduct:

Section 242.3 ... limits the heavier sanction based on the seriousness of the principal offense to circumstances in which the aider is culpable with respect to that consideration. Of course, it is not necessary that the defendant know the law of the crime for which the other is sought. For this reason the grading provision for this offense requires only that the aider know that the conduct charged or liable to be charged against the other person is of the sort proscribed by one of the more serious degrees of felony.

Model Penal Code § 242.3, commentary at 239 (1980) (footnote omitted).

Noblit mistakenly relies on the Tentative Draft to urge that a defendant must be required to act at least recklessly with regard to the legal classification of the crime committed by the person to whom assistance is rendered. The Tentative Draft does not support this conclusion, and its commentary makes clear that no culpable state was contemplated. While the Tentative Draft did propose recklessness as the culpable mental state attaching to the defendant's awareness of "the conduct constituting the [underlying] crime," our current hindering prosecution statute has actually imposed a somewhat more rigorous requirement. Under our current statutory scheme, a defendant must have actual knowledge of the underlying conduct by the assisted person.

3. The Commentary to the Tentative Draft of Alaska's Revised Criminal Code underscores the inappropriateness of construing the hindering prosecution statute to require knowledge of the legal classification of the crime committed by the person who has been assisted. The Tentative Draft's hindering prosecution provisions differed only slightly from the versions enacted in AS 11.56.770 and AS 11.56.780. One difference was the extent of awareness of the underlying crime. Instead of requiring the defendant to know of the underlying crime, the Tentative Draft required only recklessness, specifying that "[a] person commits the crime of hindering prosecution in the first degree if he renders assistance to a person who has committed a crime punishable as a felony, with reckless disregard that that person has engaged in the conduct constituting the crime...." Alaska Criminal Code Revision Part IV, at 69 (Tent. Draft 1977). The writers of the Tentative Draft clearly distinguished, however, between proof of reckless disregard of "the conduct constituting the crime" and proof of reckless disregard as to the legal consequences of that conduct:

The first-degree offense, TD AS 11.56.770, a class C felony, requires that a felony be committed by the person aided and that the defendant be at least reckless as to whether that person has engaged in conduct constituting a felony. Note that while the statute requires that the person aided actually have committed a felony, there is no requirement that the defendant be aware of the legal classification of the conduct.

Id. at 78–79.

4. The immediate sources of Alaska's current hindering prosecution statutes were Hawaii Revised Statutes §§ 710–1028, 1029 and 1030. See Alaska Criminal Code Revision Part IV, at 126 (Tent. Draft 1977). The Hawaii provisions, in turn, seem patterned on the Model Penal Code. The similarity of the Model Penal Code to Alaska's hindering prosecution statutes is reflected in the commentary to AS 11.56.770 and AS 11.56.780, which incorporates by reference pertinent commentary to Model Penal Code § 242.3. See Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 86–87, 1978 Senate Journal 1399.

**284**

At least one other jurisdiction has specifically considered and rejected a culpable mental state argument similar to Noblit's. In *People v. Young*, 192 Colo. 65, 555 P.2d 1160 (1976) (*en banc*), the Colorado Supreme Court construed its accessory to a crime statute, whose provisions were analogous to Alaska's hindering prosecution statutes. The court in *Young* expressly declined to require that knowledge of the classification of the underlying offense be proven:

> The relevant standard for knowledge in regard to the accessory statute is whether defendant knew the principal had committed a crime. It is not necessary for the defendant to have known that the crime committed was a particular class. The statutory classification of the crime committed by the principal (class one or two felony) is only relevant in determining the degree of the accessory charge....

*Id.* 555 P.2d at 1162.

■ In short, Noblit's culpable mental state argument finds no support in the legislative history of Alaska's hindering prosecution statutes, in the Model Penal Code, or in the decisions of other jurisdictions. Noblit nevertheless maintains that his constitutional right to due process will be violated unless Alaska's first-degree hindering prosecution statute is read to require knowledge or recklessness as to the fact that the underlying crime was punishable as a felony. For his constitutional claim, Noblit relies on cases such as *Hentzner v. State*, 613 P.2d 821 (Alaska 1980), *Kimoktoak v. State*, 584 P.2d 25 (Alaska 1978), *Speidel v. State*, 460 P.2d 77 (Alaska 1969), and *Beran v. State*, 705 P.2d 1280 (Alaska App.1985), all of which stand for the general proposition that due process precludes the imposition of criminal sanctions on the basis of strict liability—that is, when criminal acts are committed without an accompanying culpable mental state. Noblit insists that failure to attach a culpable mental state to the legal classification of the underlying crime would transform hindering prosecution in the first degree into a strict liability crime.

There is little merit to this claim. Although the due process clause unquestionably protects against imposition of criminal sanctions for innocent conduct, a culpable mental state need not attach to every element of an offense. Alaska Statute 11.81.-600(b) generally requires criminal acts to be performed with an accompanying culpable mental state, but the provision allows exceptions when the legislature has clearly expressed its intent to apply strict liability to a specific element of a crime.

Moreover, the legislature unambiguously expressed its desire to avoid requiring a culpable mental state for every element of a crime when it decided to repeal former AS 11.81.610(a). As originally enacted in 1978, AS 11.81.610(a) created a rebuttable presumption attaching a culpable mental state to all elements of an offense:

> (a) When only one culpable mental state appears in a provision of law defining an offense, it is rebuttably presumed to apply to every element of the offense unless an intent to limit its application clearly appears.

Ch. 166, § 10, SLA 1978. The legislature repealed this provision in 1980. *See* Ch. 102, § 44, SLA 1980. Commenting on the reasons for this appeal, the legislature said, in relevant part:

> The ... amendment repeals AS 11.81.-610(a) which provided that the use of one culpable mental state in a statute rebuttably presumes that the mental state applies to all elements of the crime. This rule is inappropriately broad and ignores the fact that, by definition, particular mental states only apply to particular elements of a crime.

Commentary on the Revised Alaska Criminal Code, Senate Journal Supp. No. 44 at 28 1980 Senate Journal 1434.

In prior decisions, we have consistently recognized that no culpable mental state need attach to circumstances rendering an offense more or less serious when a culpable mental state attaches to the core conduct of the offense itself. In *Bell v. State*, 668 P.2d 829 (Alaska App.1983), Bell was convicted for promoting prostitution in the first degree by inducing a person under

sixteen years of age to be a prostitute. The same conduct would only have been punishable as promoting prostitution in the third degree if the victim had been sixteen years of age or older. *Compare* AS 11.66.-110(a)(2) *with* AS 11.66.130(a)(2).

Bell argued on appeal that he was unfairly deprived of the opportunity to raise a reasonable mistake of fact defense as to the age of his victim. We rejected this argument, concluding that Bell could be convicted of the first-degree offense regardless of his awareness of the victim's age. We reasoned that, because Bell acted intentionally in promoting prostitution, and because this conduct would have been criminal even if his victim had been sixteen years of age or older, due process did not require proof of a culpable mental state as to the victim's age. *Id.* at 832–33.

We reached a like conclusion in *Ortberg v. State*, 751 P.2d 1368 (Alaska App.1988). Ortberg was convicted of malicious mischief in the second degree. Higher and lower degrees of the malicious mischief statute turned on the value of the property destroyed. *See* AS 11.46.480 (first-degree malicious mischief—value exceeding $100,-000), AS 11.46.482 (second-degree malicious mischief—$500 or more in value), AS 11.-46.484 (third-degree malicious mischief—$50 or more), AS 11.46.486 (fourth-degree malicious mischief—less than $50). We found *Bell* dispositive and held that Ortberg was subject to conviction regardless of his awareness of the value of the property he destroyed. *Id.* at 1374.

As in *Bell* and *Ortberg*, the illegality of Noblit's conduct did not depend on the circumstance that changed his offense from a second-degree to a first-degree crime. Rendering assistance to Baird would still have been unlawful if Baird's crime had not been punishable as a felony. Under the trial court's instructions, Noblit's jury necessarily found that he rendered assistance to Baird with knowledge of Baird's wrongdoing and with the specific intent to hinder his prosecution.[5] This culpable mental state affords adequate protection against the possibility of a conviction based on innocent conduct; no additional culpable mental state is necessary for due process purposes.

Under the circumstances, the following passage from the Alaska Supreme Court's decision in *Alex v. State*, 484 P.2d 677, 681–82 (Alaska 1971), is particularly apt:

[A]s applied to crimes generally, what is imperative, is that an accused's act be other than simply inadvertent or neglectful. What is essential is not an awareness that a given conduct is a "wrongdoing" in the sense that it is proscribed by law, but rather, that an awareness that one is committing the specific acts which are defined by law as a "wrongdoing." It is, however, no defense that one was not aware that his acts were wrong in the sense that they were proscribed by law. So long as one acts intentionally, with cognizance of his behavior, he acts with the requisite awareness of wrongdoing.[6]

---

5. One aspect of the trial court's instructions requires specific comment. As we have indicated, AS 11.56.770 requires the state to prove the defendant's knowledge of the conduct involved in the crime committed by the person who has been aided. In Instruction No. 17, however, the trial court instructed the jury that Noblit need only have known that Baird committed "some crime" and that it was unnecessary for the state to prove that Noblit actually knew Baird had killed another person. This portion of Instruction No. 17 may have been incorrect in suggesting that Noblit could be convicted for assisting Baird based on a mistaken belief that Baird had engaged in misconduct other than homicide. However, Noblit has not specifically raised or briefed this issue, so we need not decide it. In any event, assuming the instruction was incorrect in this respect, the error was plainly harmless under the facts of this case. The only disputed issue below was Noblit's awareness of Baird's complicity in the homicide. There is nothing in the record to suggest that Noblit might have thought Baird engaged in misconduct other than homicide. Under the evidence, it is clear beyond a reasonable doubt that the jury could only have found Noblit guilty by concluding that he was aware that Baird had committed a homicide.

6. The Model Penal Code's commentary to § 242.3 makes essentially the same point:

Consistently with the obstruction-of-justice theory on which the provision is based, Section 242.3 requires that the actor have a "purpose to hinder the apprehension, prosecution, conviction or punishment of another for crime." Given such a purpose, any further

It is thus no defense that Noblit may have been unaware that Baird's "acts were wrong in the sense that they were proscribed by law." *Id.* Just as Baird's guilt and consequent punishment did not turn on proof of his awareness that his criminal acts amounted to second-degree murder, so Noblit's guilt should not depend on his own knowledge of the potential legal consequences stemming from Baird's conduct. We find no error.

██ Noblit separately contends that his sentence is excessive. Hindering prosecution in the first degree is a class C felony, punishable by a maximum of five years. AS 11.56.770(c); AS 12.55.125(f). As a first felony offender, Noblit was not subject to presumptive sentencing. In imposing a term of three years with one and one-half years suspended, Judge Steinkruger recognized that Noblit had a clean record and a steady employment history. Although expressing concern about Noblit's apparent lack of insight into the seriousness of his misconduct, Judge Steinkruger found Noblit's potential for rehabilitation to be strong. Nevertheless, Judge Steinkruger believed that Noblit's conduct was exceptionally aggravated and among the most serious in its class. For this reason, the judge concluded that a substantial sentence was necessary to express community condemnation and to deter other potential offenders.

In assessing the overall seriousness of Noblit's conduct, Judge Steinkruger properly considered that the underlying crime was a murder and that Noblit's conviction resulted from a continuing course of conduct that substantially delayed Baird's apprehension.

The one and one-half year unsuspended portion of Noblit's sentence is significantly less than the two-year presumptive term for a second felony offender; the sentence thus comports with the rule we adopted in *Austin v. State,* 627 P.2d 657 (Alaska App. 1981). *See also Tazruk v. State,* 655 P.2d 788 (Alaska App.1982). Having indepen-

dently reviewed the entire sentencing record, we are unable to say that the sentence imposed below was clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The judgment is AFFIRMED.

requirement of knowledge or belief in the guilt of the person aided would be unwarranted.

Model Penal Code § 242.3, commentary at 228–229 (1985).