David Labon BUSH, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 94–43.

Supreme Court of Wyoming.

Dec. 22, 1995.

Leonard D. Munker, State Public Defender; Gerald M. Gallivan, Director, Defender Aid Program; and Jeffrey M. Hindoien, Student Intern., for Appellant.

Joseph B. Meyer, Attorney General; Sylvia L. Hackl, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Appellant appeals his convictions for burglary and accessory after the fact to escape. Appellant argues the jury instructions were defective and there was insufficient evidence to support the burglary conviction.

We affirm in part and reverse in part.

## I. ISSUES

Appellant presents the following issues:

I. Whether the trial court's instructions to the jury regarding Count II of the Information, felony accessory after the fact, were fundamentally defective due to their omission of an essential element of the crime charged?

II. Assuming the felony accessory after the fact instructions adequately articulated the essential elements of the crime charged, whether the instructions were fundamentally defective due to their confusing and misleading nature?

III. Whether sufficient evidence of the "assistance" rendered by appellant to Paul Ring existed to support his conviction for burglary under Count I of the Information?

IV. Whether, under the State's alternative theory, sufficient evidence of appellant's specific intent to commit larceny existed to support his conviction for burglary under Count I of the Information?

Appellee restates the issues:

ISSUE I:

Did the jury instructions correctly and clearly set forth the necessary elements of felony accessory after the fact to escape?

ISSUE II:

Was there sufficient evidence to convict appellant of the crime of burglary?

## II. FACTS

On August 12, 1990, Glendol Bush (Glendol) and Paul Ring (Ring) escaped from the Wyoming Honor Conservation Camp in Newcastle, Wyoming and made their way to Casper, Wyoming. Upon arriving in Casper, Glendol telephoned his brother, appellant, David Bush (Bush). Glendol informed Bush that he and Ring had "walked away" from the detention facility and needed a place to rest and attend to an injury Glendol had sustained.

Bush, although he had no authority to do so, took Glendol and Ring to the apartment of an acquaintance, Tina Schantz (Schantz), who was on vacation. Bush told Glendol he could take food from the apartment. Shortly thereafter, Bush departed, admonishing Glendol to lock the door when he and Ring left.

Glendol was ultimately captured and testified against his brother at trial. On September 15, 1993, a jury convicted Bush of burglary in violation of Wyo.Stat. § 6-3-301(a) (1988); felony accessory after the fact to

escape in violation of Wyo.Stat. §§ 6–5–202(a) and (b)(i) and 6–5–206(a)(ii) (1988); misdemeanor accessory after the fact to escape in violation of Wyo.Stat. §§ 6–5–202(a) and (b)(ii)(A) and 6–5–206(a)(ii) (1988); and receiving and concealing stolen goods in violation of Wyo.Stat. § 6–3–403(a)(iii) (1988). In this appeal, Bush challenges the felony accessory conviction and the burglary conviction.

## III. DISCUSSION

### JURY INSTRUCTIONS

Bush argues that the jury instructions regarding the felony charge of accessory after the fact to escape were defective. He first contends that Jury Instruction No. 15 did not inform the jury that a defendant must have knowledge that he is aiding a felon before he can be convicted of felony accessory after the fact. In the alternative, he argues that the jury instructions as a whole were fundamentally defective due to their confusing and misleading nature.

■ No objections were lodged against the jury instructions at trial. Therefore, we must review the jury instructions under a plain error analysis. *Vigil v. State*, 859 P.2d 659, 662 (Wyo.1993). Plain error is established when the record clearly and obviously demonstrates the transgression of an unequivocal rule of law. *Id.* (*quoting Russell v. State*, 851 P.2d 1274, 1278 (Wyo.1993)). The transgression must adversely affect a substantial right enjoyed by the defendant. *Vigil*, 859 P.2d at 662.

Bush was charged as an accessory after the fact under Wyo.Stat. § 6–5–202(a) and (b)(i), which provides, in pertinent part:

(a) A person is an accessory after the fact if, with intent to hinder, delay or prevent the * * * apprehension * * * of another for the commission of a crime, he renders assistance to the person.

(b) An accessory after the fact commits:

(i) A felony * * * if the crime is a felony and the person acting as an accessory is not a relative of the person committing the crime[.]

Jury Instruction No. 14 provided, in pertinent part:

A person is an accessory after the fact if, with intent to hinder, delay or prevent the discovery, detection, apprehension, prosecution, detention, conviction or punishment of another for the commission of a crime, he renders assistance to the person.

An accessory after the fact commits a felony if the crime was a felony and the person acting as an accessory is not a relative of the person committing the crime.

Jury Instruction No. 15 provided, in pertinent part:

YOU ARE INSTRUCTED that the necessary elements of the crime of accessory after the fact to the escape of Paul Ring are:

1. The crime occurred within the County of Natrona on or about the 10th day through the 19th day of August, 1990; and,

2. A felony, namely, Escape from Official Detention was committed by someone other than the Defendant, namely, Paul Ring; and,

3. The defendant did render assistance to the person committing the felony; and,

4. The defendant did intend to hinder, delay or prevent the discovery, detection, apprehension, prosecution, detention, conviction or punishment of the person committing the felony; and,

5. Defendant is not a relative to the person committing the felony.

Bush argues that knowledge, by the defendant, that the principal committed a felony is an essential element of the crime of felony accessory after the fact. He maintains that the omission of that element renders Jury Instruction No. 15 defective. Bush also contends that the jury instructions were fundamentally flawed due to their confusing and misleading nature. Bush argues that the jury instructions were confusing because the instructions did not require proof that he knew Ring's escape was a felony when he rendered assistance. We disagree.

Bush improperly relies on the common law rule. At common law, the defendant had to have knowledge of the underlying felony

committed by the principal before the defendant could be convicted as an accessory. *State v. Gardner*, 112 N.M. 280, 814 P.2d 458, 461 (N.M.App.), *cert. denied*, 112 N.M. 235, 814 P.2d 103 (1991); 1 Charles E. Torcia, *Wharton's Criminal Law* § 33 (15th ed. 1993). This rule is inapplicable because common law crimes and the elements of those crimes have been abolished in Wyoming. Wyo.Stat. § 6–1–102 (1988).

■ Wyo.Stat. § 6–5–202(a) abrogated the common law crime of accessory. Under Wyo.Stat. § 6–5–202(a), knowledge of the underlying felony is not required. The statute requires proof, *inter alia*, that the defendant, with the intent to prevent the apprehension of another for the commission of a crime, rendered assistance to that person. A defendant cannot intend to prevent the apprehension of another, for the commission of a crime, unless the defendant knows a crime has been committed. Knowledge that a crime has been committed is inherent in the intent element of the crime of accessory after the fact. However, one can know a crime has been committed and not know whether that crime was a felony or a misdemeanor.

Thus, the classification of the crime of accessory after the fact as either a felony or a misdemeanor is dependent on the identity of the participants and the category of the offense committed by the criminal. *See* Wyo. Stat. § 6–5–202(b)(i) and (ii). In other words, "[t]he statutory classification of the crime committed by the principal [felony or misdemeanor] is only relevant in determining the degree of the accessory charge * * *." *People v. Young*, 192 Colo. 65, 555 P.2d 1160, 1162 (1976).

Bush violated Wyo.Stat. § 6–5–202(a) when he assisted Ring, with the intention of preventing Ring's apprehension. Since Ring was a non-relative who had committed a felony, the accessory charge was classified as a felony. Wyo.Stat. § 6–5–202(b)(i). We hold that knowledge of whether the underlying crime is a felony is not an element of the crime of felony accessory after the fact. *People v. Barreras*, 44 Colo.App. 402, 618 P.2d 704, 706 (1980), *aff'd*, 636 P.2d 686 (Colo.1981) (interpreting a similar statute).

The proper rule of law was applied by the district court when it instructed the jury. We find no reversible error.

## BURGLARY CONVICTION

■ Bush argues that there is insufficient evidence to prove that he entered Schantz's apartment with the intent to commit a larceny. In reviewing the sufficiency of the evidence in a criminal case, we must determine whether a rational jury could have found, beyond a reasonable doubt, that the prosecution proved the essential elements of the crime. *Porth v. State*, 868 P.2d 236, 243 (Wyo.1994). The evidence will be viewed in the light most favorable to the state. *Id.* The verdict must " 'be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected.' " *Cloman v. State*, 574 P.2d 410, 412 (Wyo. 1978) (*quoting Yates v. United States*, 354 U.S. 298, 312, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957), *overruled on other grounds sub nom. Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)).

Burglary is a specific intent crime and requires proof of an unauthorized entry into a building with the intent to commit a felony or larceny therein. Wyo.Stat. § 6–3–301. The information charging Bush with burglary provided, in pertinent part:

[Bush did unlawfully] and without authority, enter * * * [Schantz's apartment] * * * with the intent to commit larceny or a felony therein * * *.

Jury Instruction No. 10 stated, in pertinent part:

YOU ARE INSTRUCTED that the necessary elements of the crime of Burglary are:

1. The crime occurred [in Natrona County] * * * on or about the 10th day through the 19th day of August, 1990.

2. That the defendant did enter or remain in a building;

3. Without authority;

4. With intent to commit *larceny or a felony* therein[.]

(Emphasis added.)

The completed verdict form, as it related to Count I of the Information, provided:

THE JURY, duly empaneled to try this case, finds the Defendant:

*COUNT I*

( ) GUILTY OF AGGRAVATED BUR-GLARY

(X) GUILTY OF THE LESSER IN-CLUDED, BURGLARY

( ) GUILTY OF THE LESSER IN-CLUDED, CRIMINAL ENTRY

( ) NOT GUILTY

■ Count I of the Information, Jury Instruction No. 10, and the general verdict form all fail to particularize the underlying crime that supports the burglary conviction. It is impossible to tell whether the jury relied on the crime of felony accessory or the crime of larceny when it convicted Bush of burglary. Therefore, the burglary conviction will stand, only if evidence in the record proves that Bush entered Schantz's apartment with the intent to commit both a felony **and** the crime of larceny. *Price v. State,* 807 P.2d 909, 912 (Wyo.1991).

The State contends that Bush unlawfully entered Schantz's apartment with the intent to commit larceny. Bush does not challenge the determination that the entry was unauthorized. His contention is that when he entered, he did not intend to commit larceny.

Although unauthorized to do so, Bush entered Schantz's apartment and allowed Glendol and Ring to do so as well. Glendol and Ring showered, rested and ate in the apartment. Bush told Glendol that he could take food from the apartment. The State argues that even though Bush took no property from the apartment, he still committed larceny because he allowed Glendol to take the food. To prevail, the State must establish that Bush entered the apartment with the intent to steal.

The fact that Bush took nothing from the apartment will not, standing alone, destroy the inference of intent to steal at the time of entry. *Mirich v. State,* 593 P.2d 590, 593 (Wyo.1979). Conviction is not forbidden by lack of an attempt so long as Bush entered with the intent to steal. *Sears v. State,* 632 P.2d 946, 950 (Wyo.1981). This analysis brings us to the issue of whether Bush entered Schantz's apartment with the intent to steal.

The intent to steal can be established by a wide variety of direct and circumstantial evidence. In *Mirich,* we noted that "[k]nowledge of what a structure contains, coupled with an attempt to enter it, supports a rational inference of intent to steal whatever is of value in the building." *Mirich,* 593 P.2d at 593. In *Mirich,* however, we considered more than these two factors standing alone. The defendant in *Mirich* was attempting to break into his brother-in-law's gas station at night. *Id.* at 592. He broke two different windows in an attempt to get inside the station. *Id.* When a witness saw him, he ducked. *Id.* He had his head and shoulders inside the building when the police arrived. *Id.* He also ducked when he saw the police. *Id.* In essence, he had been caught red-handed. He was also aware of the contents of the station because he had been inside the station several times. *Id.* In *Mirich,* the defendant's unauthorized nighttime entry and his knowledge of the contents of the building, when combined with the other factors, led this court to conclude that the jury properly inferred a specific intent to steal. *Id.* at 593–94.

The same conclusion cannot be reached in this case. *Mirich* did not establish a per se rule that requires an automatic inference of intent to steal any time the prosecution establishes an unauthorized entry by a person with knowledge of the contents of the building. These two factors, knowledge of the contents of a building and an attempt to enter the building, only *support the inference* that the defendant entered with the intent to steal; they do not *mandate the conclusion* that the defendant entered with the intent to steal. These two facts must be balanced against all the other circumstances that bear on the defendant's state of mind at the time of entry.

This case presents an atypical factual scenario. Bush's brother, Glendol, asked for a place to rest and clean his wounds. Glendol did not ask Bush to steal food for him. These facts indicate that Bush broke into Schantz's apartment with the intent to provide his brother with a place to rest and a

place to clean his wounds, not with the intent to steal. Glendol, of course, stole food and whiskey from Schantz's apartment and Bush did nothing to prevent that theft. By allowing Glendol to take food from Schantz's apartment, Bush may have conspired to commit larceny or may have aided and abetted a larceny, but no effort was made to prove those crimes. The inference that an escaped convict will likely steal food or other goods cannot be used to establish, beyond a reasonable doubt, that the person who illegally entered the building with the convict entered with the intent to commit larceny himself. The office of the statute which makes burglary a crime was intended to reach behavior with a higher degree of criminal intent than that which was proven or which can be inferred from all the surrounding circumstances. Thus, we conclude that the evidence presented, even when viewed in the light most favorable to the State, is insufficient to establish that Bush entered Schantz's apartment with the specific intent to commit a larceny. Because the State failed to present sufficient evidence to prove, beyond a reasonable doubt, that Bush committed both a larceny and a felony, his burglary conviction must be reversed. *Cloman,* 574 P.2d at 412.

## IV. CONCLUSION

The conviction for felony accessory after the fact to escape is affirmed. The burglary conviction is reversed.

THOMAS, J., files a dissenting opinion.

THOMAS, Justice, dissenting.

I cannot agree with the majority conclusion that the conviction for burglary must be reversed in this case. I understand the majority opinion to hold Bush did not commit larceny from his friend's apartment and, consequently, it is not possible to maintain the conviction based upon an **entry with intent to commit larceny.** In my view, this is not an accurate reflection of the law in Wyoming, and it appears to do violence to some of our prior cases. The only question in this regard is whether there was sufficient evidence to support the verdict of the jury. Instead, the majority opinion decides the facts, contrary to the decision apparently reached by the jury, by adopting the evidence favorable to Bush and drawing inferences in his favor rather than following a considered analysis of the evidence and the inferences to be drawn therefrom favorable to the State.

The majority opinion glosses over the evidence surrounding the burglary committed by Bush and casts it in the best light for him. A careful reading of the record discloses more than sufficient evidence to sustain the jury verdict. At the very least, since the crime was clearly established based upon one of the alternative theories of intent, the State should be afforded an opportunity to retry Bush for burglary on an amended information.

The first case that needs to be considered is *Mirich v. State,* 593 P.2d 590, 593 (Wyo. 1979). We said:

There is other evidence of intent. Defendant had been in the building and knew its contents. Knowledge of what a structure contains, coupled with an attempt to enter it, supports a rational inference of intent to steal whatever is of value within the building. *Hebb v. State,* 1970, 10 Md. App. 145, 268 A.2d 578 (cert den.). **The fact that nothing was taken from the building does not destroy the inference of intent to steal at the time of entry.** *State v. Witte,* 1968, 280 Minn. 116, 158 N.W.2d 266. (Emphasis added.)

Next we should take into account *Mainville v. State,* 607 P.2d 339 (Wyo.1980). There, in considering an argument that the conviction of the accused for burglary could not be sustained because he had been acquitted of the attempted sexual assault which was the felony relied upon, we held that success in committing the felony was not material. The question was the intent with which the entry was made, and the circumstantial evidence sustained an inference of the requisite intent even though there was an acquittal of the attempted sexual assault.

In *Sears v. State,* 632 P.2d 946, 950 (Wyo. 1981), this court revisited *Mainville,* and then we said:

The question here for the jury was *not* whether appellant committed the crime of third degree sexual assault but was whether he *intended* to commit such crime when he entered the dwelling without consent of the person in lawful possession of it. To be convicted, he need not even *attempt* to commit the third degree sexual assault. He need only to have *intended* to do so. *Mainville v. State,* Wyo., 607 P.2d 339 (1980). If the jury believed beyond a reasonable doubt from the evidence here placed before them that appellant intended to commit the crime of third degree sexual assault when he entered the apartment or victim's room without permission, a verdict of guilty could be returned without consideration as to whether or not he actually committed the crime of third degree sexual assault or attempted to do so.

When the facts of this case are considered in light of these cases, it is apparent there was more than sufficient evidence to permit the jury to infer Bush entered the apartment with intent to commit larceny. He had been there before and knew of its contents. Under *Mirich,* his entry with that knowledge would support the inference of entry with the intent to commit larceny. Both *Mainville* and *Sears* teach that whether Bush committed larceny is not material with respect to the inference of intent. In addition to the permissible inference to be drawn from *Mirich,* the record is clear, and the majority opinion concedes, that Bush told his brother and Ring they could take food from the apartment.

I submit the majority is clearly in error in its effort to distinguish this case from *Mirich* and in holding that:

> The same conclusion cannot be reached in this case. *Mirich* did not establish a per se rule that requires an automatic inference of intent to steal any time the prosecution establishes an unauthorized entry by a person with knowledge of the contents of the building. These two factors, knowledge of the contents of a building and an attempt to enter the building, only **support the inference** that the defendant entered with the intent to steal; they do not **mandate the conclusion** that the defendant entered with the intent to steal.

These two facts must be balanced against all the other circumstances that bear on the defendant's state of mind at the time of entry.

This case presents an atypical factual scenario. Bush's brother, Glendol, asked for a place to rest and clean his wounds. Glendol did not ask Bush to steal food for him. These facts indicate that Bush broke into Schantz's apartment with the intent to provide his brother with a place to rest and a place to clean his wounds, not with the intent to steal. Glendol, of course, stole food and whiskey from Schantz's apartment and Bush did nothing to prevent that theft. By allowing Glendol to take food from Schantz's apartment, Bush may have conspired to commit larceny or may have aided and abetted a larceny, but no effort was made to prove those crimes. The inference that an escaped convict will likely steal food or other goods cannot be used to establish, beyond a reasonable doubt, that the person who illegally entered the building with the convict entered with the intent to commit larceny himself. The office of the statute which makes burglary a crime was intended to reach behavior with a higher degree of criminal intent than that which was proven or which can be inferred from all the surrounding circumstances. Thus, we conclude that the evidence presented, even when viewed in the light most favorable to the State, is insufficient to establish that Bush entered Schantz's apartment with the specific intent to commit a larceny. Because the State failed to present sufficient evidence to prove, beyond a reasonable doubt, that Bush committed both a larceny and a felony, his burglary conviction must be reversed. *Cloman,* 574 P.2d at 412.

Op. at 967–968 (emphasis added).

The fallacy in the majority opinion can be demonstrated by nothing more than a comparison of internal inconsistencies:

> The fact that Bush took nothing from the apartment will not, standing alone, destroy the inference of intent to steal at the time of entry.

Op. at 966.

> Because the State failed to present sufficient evidence to prove, beyond a reasonable doubt, that Bush committed both a

larceny and a felony, his burglary conviction must be reversed.

Op. at 967–968.

The intent to steal can be established by a wide variety of direct and circumstantial evidence. In *Mirich*, we noted that "[k]nowledge of what a structure contains, coupled with an attempt to enter it, supports a rational inference of intent to steal whatever is of value in the building." *Mirich*, 593 P.2d at 593.

\* \* \* \* \* \*

These two factors, knowledge of the contents of a building and an attempt to enter the building, only **support the inference** that the defendant entered with the intent to steal \* \* \*.

Op. at 967 (emphasis in slip opinion).

In reviewing the sufficiency of the evidence in a criminal case, we must determine whether a rational jury could have found, beyond a reasonable doubt, that the prosecution proved the essential elements of the crime. *Porth v. State*, 868 P.2d. 236, 243 (Wyo.1994). The evidence will be viewed in the light most favorable to the state. *Id.*

Op. at 966.

It is impossible for me to understand how the majority, having recognized the correct rules of law, then stands them on their heads. When the majority says, "[t]hese two facts must be balanced against all the other circumstances that bear on the defendant's state of mind at the time of entry \* \* \*" (op. at 967), it clearly invades the province of the jury and embarks, in the following paragraph, upon developing its own factual conclusion based upon consideration of the evidence in the light most favorable to Bush. The result is deplorable jurisprudence. The only valid distinction between this case and *Mirich* is that Mirich failed to effect an entry while Bush was successful.

I dissent because I am satisfied that the majority fails to follow the historical rule, established by precedent, that the completion of the underlying crime, whether larceny or some other felony, is not a necessary element of the crime of burglary. I find equally regrettable the predilection of this court to invade the province of the jury and retry the case in order to establish a favorable set of facts to justify the resolution. This technique is truly described as reasoning from a conclusion. Such an approach simply begs the question of the intent at the time of entry, and erroneously makes that entry depend upon the actual commission of the larceny. The conclusion is clearly contrary to Wyoming precedent. If those cases are to be overruled, the court should so state. Otherwise, this decision leaves the crime of burglary in an awkward state of confusion.

The majority opinion encompasses an able closing argument for Bush. It is not our province to advocate for criminals, however. On the basis of the record here and our prior cases, I would affirm the conviction on the charge of burglary.

Apparently, the majority intends to deny the State the opportunity to represent the burglary charge, relying only upon the entry with intent to commit the felony of accessory after the fact of escape. At the very least, the State should be afforded the opportunity to obtain a conviction upon remand.