2008 WY 29

**Luke MICKELSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–156.

Supreme Court of Wyoming.

March 17, 2008.

Representing Appellant: Robert T. Moxley of Robert T. Moxley, P.C., Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Assistant Attorney General. Argument by Ms. Pojman.

Before VOIGT, C.J., and GOLDEN, HILL, and BURKE, JJ, and JAMES, D.J.

VOIGT, Chief Justice.

[¶ 1] Appellant, Luke Mickelson, was convicted of one count of possession of a deadly weapon with unlawful intent under Wyo. Stat. Ann. § 6–8–103 (LexisNexis 2007) and was simultaneously acquitted of a charge of aggravated assault under Wyo. Stat. Ann. § 6–2–502(a)(iii) (LexisNexis 2007). Appellant contends that there was insufficient evidence to support his conviction, that there was a fatal variance between the charging document and his eventual conviction, and that the verdict was inconsistent. We affirm.

## ISSUES

[¶ 2] Although they phrase them somewhat differently, the parties agree that the issues [1] in this case are as follows:

1. Was sufficient evidence presented at trial to support Appellant's conviction for possession as well as transport of a weapon with unlawful intent under Wyo. Stat. Ann. § 6–8–103?

2. Were Appellant's constitutional rights violated because of a variance between the charging documents and the verdict form and instructions presented to the jury?

3. Was the verdict inconsistent?

## FACTS

[¶ 3] Appellant and the victim in this case have a history of confrontations over Appellant's attempts to enter the Buckhorn Bar, from which Appellant is banned. On March 20, 2005, the victim was riding with a friend when they decided to stop for coffee. The two men left their vehicle blocking an alley behind the coffee shop and went inside. Some time later the victim exited the coffee shop to move the vehicle. Appellant was seated in his car, blocked in by the vehicle. The victim testified at trial that Appellant pointed a revolver at him and told him to move his car or he would "get some of this." Appellant, on the other hand, maintained that the revolver (a family heirloom) was on a bag on the seat of the car next to him, though his hand was on it, and that he never showed it to the victim. A chase ensued around town, ending with the victim and his friend seeking protection at the police station and reporting the matter to authorities. Ap-

---

1. After oral argument, we asked the parties to brief an additional issue. The Felony Information filed in circuit court charged the appellant only with aggravated assault and battery. He received a preliminary examination and was bound over for trial in district court solely on that charge. However, he was arraigned in district court on a second Amended Information that charged two counts: aggravated assault and battery, and possession, manufacture or disposition of a deadly weapon with unlawful intent. We were concerned about this unexplained discrepancy, because Wyo. Stat. Ann. § 7–8–105 (LexisNexis 2007), Wyo. Stat. Ann. § 5–9–132(b) (LexisNexis 2007), W.R.Cr.P. 3(c), and W.R.Cr.P. 5(c) contain clear requirements for a preliminary examination, and allow amendment of an information only in limited circumstances. The additional briefing revealed that, while the appellant did not, on the record, waive his right to a preliminary examination on the second charge, he and his attorney were aware before the district court arraignment that the information had

been amended, and agreed to proceed on that amended information. Furthermore,

> "the time to object to defects in the preliminary hearing is before arraignment and trial, and 'unless some reason is shown why counsel could not have discovered and challenged the defect before trial, it will generally be assumed that any objections to the preliminary proceedings were considered and waived, and no post-conviction remedies will be available.' "

Trujillo v. State, 880 P.2d 575, 582–83 (Wyo. 1994) (quoting Blue v. United States, 342 F.2d 894, 900–01 (D.C.Cir.1964)). The gist of these statutes and rules, and the Trujillo opinion, is that neither the preliminary examination requirement, nor the amendment process is jurisdictional, inasmuch as both can be waived by failure to raise the issue before trial. Nevertheless, we urge counsel and the district courts to exercise caution in this regard; it should be a rare occasion that someone is tried for a crime for which he was not bound over for trial.

pellant admitted at trial that, whatever happened in the alley, he did pursue the victim and his friend, in his words, to "f . . . with them."

[¶ 4] Upon receiving the victim's complaint, the police went to the Buckhorn Bar, where Appellant's vehicle had been spotted. Appellant refused to comply with police commands, refused to relinquish the gun, yelled that the gun was not loaded, and for the officers to shoot him. The police finally utilized a taser to immobilize Appellant so they could arrest him.

### DISCUSSION

[¶ 5] The first two issues in this appeal relate to a single incident that occurred at trial. Appellant was charged under Wyo. Stat. Ann. § 6–8–103, which reads as follows:

**Possession, manufacture or disposition of deadly weapon with unlawful intent; penalties.**

A person who knowingly possesses, manufactures, transports, repairs or sells a deadly weapon with intent to unlawfully threaten the life or physical well-being of another or to commit assault or inflict bodily injury on another is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than one thousand dollars ($1,000.00), or both.

[¶ 6] The second Amended Information charged Appellant with *"possession, manufacture or disposition of deadly weapon with unlawful intent"* and recited:

*THE ESSENTIAL FACTS ARE that on or about the 20th day of March 2005, while in the North alley, located in the 100 block of Grand Avenue, in the City of Laramie, County of Albany, the Defendant, LUKE EDWARD MICKELSON, did intentionally or knowingly possess a deadly weapon, to wit: Colt revolver, with the intent to unlawfully threaten the life or physical well-being of [the victim].*

[¶ 7] Appellant and the State each submitted proposed jury instructions two weeks before trial. Appellant did not propose a jury instruction on the elements of the weapons offense. The State requested a jury instruction that read in pertinent part:

The elements of the crime of Possession of a Deadly Weapon with Unlawful Intent, as charged in this case, are:

1. On or about the 20 th day of March 2005;

2. In Albany County, Wyoming;

3. The Defendant, Luke Edward Mickelson;

4. Knowingly possessed or transported a deadly weapon;

5. With intent to unlawfully threaten the life or physical well-being of another.

[¶ 8] It appears that the district court removed the word "transported" from that instruction before it presented the instructions to counsel at trial because the following exchange occurred during the jury instruction conference:

[DEFENSE COUNSEL]: May I suggest a change, perhaps? Just to—I mean, we never did particulars—or anything is charged as possession or transportation of a deadly weapon with unlawful intent. I—because one of the things I'm going to argue on that is, Hey, though, look. He had no idea—a) that he never threatened [the victim], but he had no idea he was going to be down there at the alley and he definitely didn't transport it with any intent.

THE COURT: Well, then if we are going to do that, we should change the instruction on No. 4 as well to be consistent, because No. 4 is just possession with unlawful intent.

[DEFENSE COUNSEL]: Oh, okay. On the—sure. Yeah.

THE COURT: And I think the charge is possession or transportation, isn't it, Richard?

[PROSECUTOR]: Well, that's the name of the statute.[2]

THE COURT: Okay. Well, it is not an unreasonable request. I will add that in No. 4.

---

2. Though we fail to see how it would affect our analysis here, the word "transport" does not, in fact, appear in the title of the statute. *See supra* ¶ 5.

. . . .

[DEFENSE COUNSEL]: Something dawned on me, Judge. Are we going to have a *Tanner* problem with Count No. I is whether or not they were able to find him guilty of possession or transport? [3]

THE COURT: Does it matter? I don't think so.

[DEFENSE COUNSEL]: I thought I would bring it up.

THE COURT: Yeah, I know what you are saying but—no, I don't think it matters.

[DEFENSE COUNSEL]: Okay. I just thought I would bring it up in case.

THE COURT: I'll think on that but I don't think it does. And I know what you are saying. So okay, I'll make that change on the verdict form, also . . . .

[¶ 9] Appellant claims two reversible errors based on this series of events. His first claim is based on our decisions in *Bush v. State*, 908 P.2d 963 (Wyo.1995) and its progeny. We made it quite clear in *Bush* that, when the state presents the jury with alternative methods of committing the crime but the verdict form does not allow us to determine the method upon which the jury based its conviction, there must be sufficient evidence in the record to support conviction for each method that appears in the instructions. *Id.* at 967. This problem should never arise, as it is easily remedied with a special verdict form that requires the jury to identify the basis on which it convicted the defendant.

3. Appellant attempts to cast this portion of the exchange as a preservation of his objection to this instruction such that the plain error standard would not apply. As we do not reach the question of plain error in this case, we will decline to address the less-than-compelling argument that Appellant somehow preserved an objection to the jury instruction he himself proposed.

4. Appellant claims that the jury should not have been allowed to consider the evidence of the chase around town because the charging documents only mentioned the alley as the location of the crime. However, Appellant did not object to the admission of that evidence, does not make a coherent argument on appeal that the evidence was improperly admitted, and never requested a limiting instruction as to the relevance of the evidence (i.e., that the evidence was admissible only for the purpose of showing Appellant's state

Unfortunately, the jurors in this case were only asked to return a general verdict of guilt or innocence as to the charge, which they did.

[¶ 10] We must first address the fact that Appellant invited the error of which he now complains. "As applied to jury instructions, the invited error doctrine provides that use of an instruction proposed by the appellant may not be grounds for reversal unless the instruction was necessarily prejudicial." *Bromley v. State*, 2007 WY 20, ¶ 35, 150 P.3d 1202, 1213 (Wyo.2007). A mistake in jury instructions that interferes with the jury's ability properly to understand or examine the separate elements of each crime charged is necessarily prejudicial. *See Vigil v. State*, 859 P.2d 659, 664 (Wyo.1993); *Gabbert v. State*, 2006 WY 108, ¶ 11 n. 5, 141 P.3d 690, 695 n. 5 (Wyo.2006). Here, the jury instruction led the jury to consider two methods of committing an offense, where only one was originally charged. That is only a prejudicial error, however, if the evidence is not sufficient separately to support conviction based on each method. *Tanner v. State*, 2002 WY 170, ¶ 10, 57 P.3d 1242, 1245 (Wyo. 2002). It is not a *necessarily* prejudicial error.

[¶ 11] In this case, the error was certainly not prejudicial, as the record reflects that the prosecution presented evidence that Appellant transported the gun from the alley and on the subsequent chase through town,[4]

of mind and not for direct consideration as an element of the crime.)

It is obvious from the transcript of the pretrial motion hearing that both the State and Appellant treated the entire chase as part of a single transaction beginning in the alley:

[DEFENSE COUNSEL]: I think that the alleged actions of [Appellant], following around [victim and friend], I can't dispute the relevance of that. Now, I would dispute that there was one continual situation, because there was a break when [victim and friend] went to the— broke contact with [Appellant] and then went to the police station.

[PROSECUTOR]: I guess the thing that I do want to be clear on—and I've written this on three different sheets of paper it is so important to me, Your Honor—[Defense Counsel] has conceded this. We didn't put it down as a notice of 404(b) evidence because it is my belief—and I believe that [Defense Counsel]

with the intent to threaten his victim. Appellant himself admitted that he did, at some point in the chase, intend to "f . . . with" the men he was following. The jury could easily have inferred that he intended physically to threaten the welfare of the victim when he chased him out of the alley both in possession of and transporting the deadly weapon.

[¶ 12] Appellant's second claim is that a fatal variance occurred between the charging document, and the charge ultimately presented to the jury.

> A variance arises when the evidence presented at trial establishes facts that are different from those alleged in the indictment. Similarly, a shift in the government's theory from the one set out in the indictment to that presented at trial may also constitute a prejudicial variance. We will not reverse unless the variance affects the defendant's substantial rights. Even in cases where an appellate court determines the existence of a variance, such a variance 'is not fatal unless the defendant could not have anticipated from the indictment what evidence would be presented at trial or unless the conviction based on an indictment would not bar a subsequent prosecution.'

*Rawle v. State*, 2007 WY 59, ¶ 11, 155 P.3d 1024, 1027 (Wyo.2007) (citations and quotation marks omitted).

[¶ 13] Once again, Appellant complains of an error of his own making. The State charged Appellant with possessing a deadly weapon. The verdict form and jury instructions were in accordance with that charge until Appellant insisted that the additional "transport" wording be added. *See supra*

has advised the Court that he agrees with this in response to questions from the Court—but this car chase where [Appellant] chases [victim and friend] for several blocks. They were running red lights, going the wrong way down the street out here and all that—we don't consider that to be 404(b). We certainly will have testimony about that because it is the State's position that's all part of ongoing assault. That's part of the threatening conduct associated with the firearm.

THE COURT: Let me ask because that—frankly, that seems to me as an element of the part of the charges here, rather than 404(b). Do you agree with that, [Defense Counsel]?

¶ 8. The rule against such variance is intended to ensure that a defendant has adequate notice to prepare for his own defense. *Barker v. State*, 2006 WY 104, ¶ 29, 141 P.3d 106, 116 (Wyo.2006). As noted above, a variance of that sort is not *necessarily* prejudicial, but is only fatal if "the defendant could not have anticipated from the indictment what evidence would be presented at trial[.]" *Rawle*, 2007 WY 59, ¶ 11, 155 P.3d at 1027. *See supra* ¶ 10. The portions of the record we have quoted in this opinion clearly show that Appellant assumed (however incorrectly) that he was charged with transporting as well as with possession, and crafted his arguments at trial accordingly. Appellant invited the error, which was not necessarily prejudicial, and, therefore, he cannot be heard to complain of it on appeal.

[¶ 14] Appellant's final argument is that the jury's finding of guilt for possession of a deadly weapon with unlawful intent is necessarily inconsistent with the acquittal for assault with a deadly weapon. This argument fails because, as we have repeatedly stated, consistency is not a requirement for a valid jury verdict in a criminal trial. *Moore v. State*, 2003 WY 153, ¶ 16, 80 P.3d 191, 196 (Wyo.2003).

> In a case in which there are multiple counts, each one is treated as if it were a separate indictment. The verdict on the various counts need not be consistent. An acquittal on one count does not prevent conviction on another, even though the evidence is the same and defendant could not have committed one crime without committing both, so long as the evidence is sufficient to support conviction on the count on which a guilty verdict was reached.

[DEFENSE COUNSEL]: We do agree that, if true, would—and we are not conceding whether or not anything is true—. . . that, if he did follow him around and what's been characterized as a chase, we would concede relevance of that. And if it's a matter of proof, we'll just have to contradict in trial.

Defense counsel conceded the relevance of the evidence relating to the chase and then failed to request any sort of instruction limiting the jury's consideration of that evidence. Because of this, there was evidence before the jury that Appellant both possessed and transported a weapon with the intent to threaten another.

3 Charles Alan Wright, *Federal Practice and Procedure* § 514 at 14–16 (1982).

*Id.*

[¶ 15] We have already addressed the issue of sufficiency of the evidence above and decline to repeat the analysis here. *See supra* ¶ 9.

## CONCLUSION

[¶ 16] The doctrine of invited error precludes a finding for Appellant either on sufficiency of the evidence or on the variance between the initial charges and the eventual verdict returned by the jury. There is no need for consistency in a criminal jury verdict as long as sufficient evidence was presented to support each conviction. We affirm.

VOIGT, C.J., delivers the opinion of the Court; JAMES, D.J., files a dissenting opinion.

JAMES, District Judge, dissenting.

[¶ 17] I respectfully dissent because I do not believe the district court has jurisdiction over a case where the defendant has not had a preliminary hearing in circuit court and has not properly waived his right to that hearing under the rules. Wyo. Stat. Ann. § 7–8–105 (LexisNexis 2007) entitled "Right to preliminary hearing" states, "In all cases triable in district court, except upon indictment, the defendant is entitled to a preliminary hearing." Wyo. Stat. Ann. § 5–9–132(b) (Lexis-Nexis 2007) states, "Preliminary examinations for persons charged with a felony **shall** be conducted by the circuit court judge or magistrate." (Emphasis added.) W.R.Cr.P. 5.1, Preliminary examination, sets forth the procedures for fulfilling those statutory requirements as follows:

(a) *Right.*—In all cases required to be tried in the district court, except upon indictment, the **defendant shall be entitled to a preliminary examination in the circuit court.** The defendant may waive preliminary examination but the waiver must be written or on the record. **If the preliminary examination is waived, the case shall be transferred to district court for further proceedings.**

(b) *Probable cause finding.*—If from the evidence it appears that there is probable cause to believe that the charged offense or lesser included offense has been committed and that the defendant committed it, **the judicial officer shall enter an order so finding and the case shall be transferred to the district court for further proceedings . . . .**

(Emphasis added.)

[¶ 18] Reading these rules together, it is clear that a preliminary hearing is not only a right of every defendant, but also the mechanism by which the circuit court transfers jurisdiction to the appropriate district court. The rule allows the circuit court to accept adequate waiver of the right to a preliminary hearing as an alternate way for the case properly to be transferred to the district court. The record in this case shows that Appellant did not waive his right to a preliminary hearing in circuit court in writing or on the record. There is no evidence that Appellant was even informed of his right to a preliminary hearing on the charge for which he was eventually convicted. In fact, the record shows that the charge for which Appellant was convicted never went through circuit court at all, and so was never properly transferred to a district court for trial. The *Trujillo* case cited by the majority was a challenge involving alleged defects in the preliminary hearing. *Trujillo v. State*, 880 P.2d 575, 581–82 (Wyo.1994). That case determined that defects in a hearing were waived if not raised before trial, but did not address a total lack of such a hearing. *Id.* at 582. It is that important procedural defect that raises jurisdictional concerns here.

[¶ 19] The purpose of a preliminary hearing is to determine whether there is probable cause to believe that the charged offense, or some lesser included offense, has been committed, and that the defendant committed the offense. W.R.Cr.P. 5.1. This standard must be met in order to justify a trial on the merits. The burden of establishing the propriety of bind-over for a trial is on the prosecution. *Garcia v. State*, 667 P.2d 1148, 1154 (Wyo.1983). The circuit court's determination of probable cause must be reviewed from

the information available at the time of the hearing, and not from events or facts that come to light afterward. "The question of probable cause must be determined as of the time that the prosecution was instituted. It depends upon the facts as they apparently existed at that time, and not upon the ultimate determination of the facts." *Henning v. Miller*, 44 Wyo. 114, 8 P.2d 825, 829 (1932). *Henning* was a malicious prosecution case but the same principle is evident in our manner of review of other determinations of probable cause in criminal law. *See, e.g., Holzheuser v. State*, 2007 WY 160, ¶ 6, 169 P.3d 68, 74 (Wyo.2007) (only affidavit in front of court at time of determination may be considered in review of probable cause); *Mascarenas v. State*, 2003 WY 124, ¶ 10, 76 P.3d 1258, 1262 (Wyo.2003) (probable cause to be viewed "from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest") (emphasis added, citation omitted).

[¶ 20] In light of the above-quoted precedent, I find the logic adopted by this Court in *Trujillo* unpersuasive. *See supra* ¶ 19. The reasoning in *Trujillo* is that a guilty verdict somehow "cures" the failure to find probable cause to bind a defendant over to trial. *Trujillo*, 880 P.2d at 582–83. By that logic, a search based on a faulty warrant would be upheld as long as it yielded evidence, because the fact that evidence was present would "cure" the lack of probable cause for the underlying search warrant. That is inconsistent with basic constitutional principles, as well as our own jurisprudence on the issue of probable cause. I would dismiss this case for lack of jurisdiction, because this Court cannot have jurisdiction over an appeal where the district court never acquired jurisdiction over the matter.