2009 WY 33

**Shawn Wayne JONES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–08–0045.**

Supreme Court of Wyoming.

March 9, 2009.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; and Eric M. Al-

den, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Jenny L. Craig, Assistant Attorney General. Argument by Ms. Craig.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1]   In a change of plea hearing, Shawn Wayne Jones pleaded guilty to one count of aggravated assault and battery, in violation of Wyo. Stat. Ann. § 6–2–502(a)(ii), and five counts of felony property destruction, in violation of Wyo. Stat. Ann. § 6–3–201(a) and (b)(iii).   Jones also admitted to being an habitual offender, and was sentenced to a term of incarceration of not less than twenty years nor more than forty years for the aggravated assault and battery, and not less than five years nor more than ten years for the five counts of felony property destruction, the terms to be served consecutively.   Jones appealed, claiming that the award for restitution exceeded the jurisdiction of the trial court, that an amendment of the initial charge was unauthorized and thus plain error, and that the factual basis given at the change of plea hearing was inadequate.   We reverse in part, and affirm in part.

## ISSUES

[¶ 2]   Jones presents three issues for our consideration:

I.   Did the award of restitution for loss of support constitute an illegal sentence?

II.   Did the unauthorized amendment of the charge against Mr. Jones leave Mr. Jones unaware of the charge to which he pled guilty and constitute plain error?

III.   Was the plea supported by an adequate factual basis to prove voluntariness?

The State rephrases the issues only slightly:

1.   The District Court erred when it ordered [Jones] to pay restitution for "loss of support."

2. [Jones] consented to the amended felony information and impliedly waived a preliminary hearing on the amended charge.

3. [Jones'] guilty plea was voluntarily made and the district court was presented with a sufficient factual basis to accept that plea.

## FACTS

[¶ 3] On March 10, 2007, Shawn Wayne Jones brutally beat his wife. Jones began attacking his wife while she was holding their son. Mrs. Jones attempted to escape to the child's bedroom. Jones foiled the effort and demanded that she come out. Leaving her son behind, Mrs. Jones returned to the living room and the attack resumed. Jones threw his wife onto the floor and hit her on the head multiple times with a wooden dining chair. He hit her on her face and her chest, and kicked her in the ribs. After she ran to the bedroom and crawled under the bed, Jones began tearing the bed apart. As a result of his destruction, the bed's box spring fell on top of her, but Jones continued to beat his wife with a bedpost.

[¶ 4] Jones' wife eventually jumped out the window and ran to a neighbor's house to call the authorities. Members of the Gillette Police Department arrived and finally had to taser Jones to gain control of him. Three days after the incident, Jones was charged with one count of aggravated assault and battery in violation of Wyo. Stat. Ann. § 6-2-502(a)(i), as an habitual offender, pursuant to Wyo. Stat. Ann. § 6-10-201(a) and (b)(ii), and five counts of felony property destruction, in violation of § 6-3-201(a) and (b)(iii).

[¶ 5] After his initial appearance, with his bond set at $100,000 and following his preliminary hearing, Jones was bound over to the district court on April 20, 2007. An amended felony information was filed, charging Jones with aggravated assault and battery in violation of § 6-2-502(a)(ii) instead of § 6-2-502(a)(i). Jones pled not guilty to all of the charges in June, but changed his pleas to guilty on all six counts on September 24, 2007. After a restitution hearing in which Jones was ordered to pay $22,235.87 in restitution, the district court sentenced Jones to a term of imprisonment of not less than twenty

nor more than forty years for the aggravated assault and battery, to run consecutively to a term of not less than five nor more than ten years for the five counts of felony property destruction. Jones received credit for time served, and on February 1, 2008, he filed his timely notice of appeal.

## DISCUSSION

### *Restitution*

[¶ 6] On November 8, 2007, the district court held a restitution hearing in the instant case. The State requested that the Division of Victims' Services be compensated a total of $9,265.73, of which $5,400.00 was for "loss of support" for Jones' wife. That request was granted, and the "loss of support" amount was incorporated into the district court's sentence, filed January 10, 2008.

[¶ 7] On December 14, 2007, this Court issued *Hite v. State*, 2007 WY 199, 172 P.3d 737 (Wyo.2007). In *Hite*, we stated that restitution ordered for "loss of support," without more specificity, is insufficient to assure that the trial court complied with the statutory mandate, pursuant to Wyo. Stat. Ann. § 7-9-103(b), and that restitution be ordered only for "pecuniary damages" caused by a defendant's criminal conduct. *Id.* ¶¶ 14-16, 172 P.3d at 740-41.

[¶ 8] The facts of *Hite* are similar to the facts of this case regarding restitution. The record here, as in *Hite*, is insufficiently specific to permit the conclusion that the "loss of support" portion of the restitution ordered here comported with the statutory definition of "pecuniary damages." *Hite* controls the disposition of this issue, and thus we remand this issue to the district court for the limited purpose of conducting a new, more specific restitution hearing.

### *Amended Information*

[¶ 9] In his second issue on appeal, Jones claims that the amended felony information was never properly authorized and that he never received a preliminary hearing on the amended aggravated assault and battery charge. Jones asserts that because of this, he was never adequately informed that he

**1094**

would be called to account for using a "deadly weapon" against his wife and, therefore, was unable to consider whether the instrument he used against her fit the definition of "deadly weapon" pursuant to § 6-2-502(a)(ii).

[¶ 10] We review this question of law under the plain error standard. "When an issue is not raised at trial, the burden is upon the appellant to establish that plain error occurred." *Britton v. State*, 976 P.2d 669, 671 (Wyo.1999) (citations omitted). Under the plain error standard, the appellant must show (1) a clear record of the alleged error; (2) the violation of a clear and unequivocal rule of law; (3) denial of a substantial right; and (4) material prejudice. *Reece v. State*, 2008 WY 121, ¶ 8, 193 P.3d 274, 276 (Wyo.2008).

[¶ 11] In analyzing Jones' claim that he was not properly advised of the charges against him, we first look to the record to determine whether it is clear regarding the incident which is alleged as error. While there was no ruling by the circuit court on the State's Motion for Leave to File Amended Felony Information, and it does not appear that a preliminary hearing was held on the amended charge, it is clear that an amended felony information exists. From the record, it is also clear that the court, and the parties, proceeded according to that information, and not the original.

[¶ 12] Having determined that the first prong of the plain error standard is met, we look next to the second prong: whether Jones showed that there was a violation of a clear and unequivocal rule of law. Jones argues that this prong is met because, first, the court did not authorize the charge to be changed, and second, because Jones never received a detailed explanation of the new charge. However, it is our conclusion that no clear violation of law occurred because Jones waived any objection to the lack of a preliminary hearing or advisement of the implications of the amended information.

[¶ 13] This Court was presented with a similar situation in *Mickelson v. State*, 2008 WY 29, ¶ 2, n. 1, 178 P.3d 1080, 1081 (Wyo.2008). There, the original felony information filed in circuit court charged the appellant only with aggravated assault and battery. On that charge, he received a preliminary examination and was bound over for trial in district court on that charge only. However, he was arraigned in district court on a second amended information that charged two counts: aggravated assault and battery, and possession, manufacture or disposition of a deadly weapon with unlawful intent. As we stated in *Mickelson*, ¶ 2, n. 1, 178 P.3d at 1081, *this* type of change "concerns us" because:

> Wyo. Stat. Ann. § 7-8-105 (LexisNexis 2007), Wyo. Stat. Ann. § 5-9-132(b)(LexisNexis 2007), W.R.Cr.P. 3(c), and W.R.Cr.P. 5(c) contain clear requirements for a preliminary examination, and allow amendment of an information only in limited circumstances.... [However],
>> "the time to object to defects in the preliminary hearing is before arraignment and trial, and 'unless some reason is shown why counsel could not have discovered and challenged the defect before trial, it will generally be assumed that any objections to the preliminary proceedings were considered and waived, and no post-conviction remedies will be available."
> *Trujillo v. State*, 880 P.2d 575, 582-83 (Wyo.1994) (quoting *Blue v. United States*, 342 F.2d 894, 900-01 (D.C.Cir.1964) )

[¶ 14] As we stated in *Mickelson*, neither the preliminary examination requirement, nor the amendment process, is jurisdictional, inasmuch as both can be waived by failure to raise the issue before trial. Furthermore, an information may be amended pursuant to W.R.Cr.P. 3(e), which states:

> (e) *Amendment of information or citation.*—Without leave of the court, the attorney for the state may amend an information or citation until five days before a preliminary examination in a case required to be tried in district court or until five days before trial for a case not required to be tried in district court. The court may permit an information or citation to be amended:
>> (1) with the defendant's consent, at any time before sentencing.

(2) Whether or not the defendant consents:

(A) At any time before trial if substantial rights of the defendant are not prejudiced.

(B) At any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

[¶ 15] Here, not only did Jones fail to raise an objection to the amended felony information in his case, but he consented to being prosecuted under the amended document in district court and waived his right to a preliminary hearing on the amended charge. First, Jones' counsel was served with the Motion for Leave to File Amended Felony Information on April 20, 2007, the same date as the preliminary hearing. The motion and the amended information were filed with the Clerk of Court on April 24, 2007. Our review of the record shows that Jones expressly adopted the amended document as the correct charging document, both through defense counsel's statements during the district court's arraignment of Jones, and through Jones' contemporaneous acknowledgment of the document. Also, defense counsel appeared so comfortable with the amended information, he requested a waiver of its reading. The following colloquy occurred:

The Court: All right. Does the defendant have a copy of the amended felony information? I want to make sure that's the correct document that we have before us for the hearing today.

Mr. Dumbrill, is that the charging document at this point?

Mr. Dumbrill: Yes.

Mr. Wolfe: Yes, Your Honor.

The Court: All right. Do you have that now, sir?

Jones: Sure, yes.

The Court: Have you read through that and gone over it with your attorney?

Jones: Yeah, I have.

. . . .

The Court: Is there anything which would affect your ability to understand the charges and to participate in these proceedings?

Jones: Nope.

The Court: The amended felony information has six counts.

Mr. Wolfe: Your Honor, if it would help anything I would advise the Court that we have gone over that and the defendant intends, understands the charges, and intends to enter a plea of not guilty to all counts.

The Court: All right. Well, that will help a little bit. Let's address—

Mr. Wolfe: We would waive the reading of the information.

The Court: Well, I appreciate that offer to simplify and shorten; however, I like to make sure that the arraignment is more than just something that we should skip, but I'll take your thoughts into consideration.

. . . .

[The Court]: you are entitled to be represented by competent counsel at all critical stages of the criminal proceedings. Now, I see that there was a change in counsel and you've ended up with Mr. Wolfe, but still from the public defender's office. So it's just a reassignment due to a change there. With regard to Mr. Wolfe's representation, I want to ask you a couple of questions. Have you explained all of the facts of your case to him?

Jones: Yes.

The Court: Do you have any complaints about his representation of you up until now?

Jones: No.

The Court: The file shows there was a preliminary hearing; is that correct?

Jones: Yes.

The Court: And do you recall the circuit judge making the findings of probable cause at the conclusion of that hearing?

Jones: Yes, sir.

The Court: Do you have any complaints about the time that it's taken to get your case to this stage today?

Jones: No, sir.

[¶ 16] Jones' consent to the amended information occurred well before his sentenc-

ing on December 6, 2007, and thus, the amendment was made pursuant to the "consent" provision of W.R.Cr.P. 3(e)(1). Additionally, the record is clear that the amending of the information occurred well before Jones' scheduled trial and subsequent guilty plea on September 24, 2007, bringing the amended information within the provisions of Rule 3(e)(2)(A). In our estimation, the amended information was also permitted by the district court because it could not have prejudiced Jones' substantial rights. Jones was put on notice that he would have to defend against the amended charge between the close of his preliminary hearing and his arraignment, and what is more, the amended information was based in large part on the same facts and evidence as the original charge and stemmed out of the exact same occurrence.

[¶ 17] Although Jones did not receive a preliminary hearing on the amended charge, his implicit waiver of his right to a preliminary hearing is quite apparent on the record. No demand for another preliminary hearing was ever made by Jones' defense counsel. Jones himself, after discussing the new charging document with his counsel, proceeded to enter a plea, prepare for trial, and ultimately pled to the charges in the amended information without objection. Accordingly, we find no error.

### Guilty Plea/Factual Basis

[¶ 18] In his third and final issue on appeal, Jones claims that because he was not adequately informed at his change of plea hearing about the definition of the term "deadly weapon" used in § 6–2–502(a)(ii), he could not have given an adequate factual basis regarding that element of the crime to insure that his plea was given intelligently and voluntarily.

[¶ 19] We review this claim under a *de novo* standard of review. We quote here portions of what was so thoroughly stated in *Maes v. State,* 2005 WY 70, ¶ 9, 114 P.3d 708, 710–11 (Wyo.2005) (internal citations omitted):

> We review claims that a guilty plea was not voluntary *de novo*. Based upon the totality of the circumstances, we determine whether the district court sufficiently described the nature of the charges, including the possible penalties; informed the defendant of the right to representation; informed the defendant of the rights waived by a guilty plea; and obtained a factual basis for the plea. A guilty plea is valid where the totality of the circumstances demonstrates that a defendant made a voluntary and intelligent choice to plead guilty from alternative courses of action available to him and understood the consequences of his plea.

We also stated in *Maes* that in reviewing a claim that there was not a sufficient factual basis for a guilty plea, our review is governed by W.R.Cr.P. 11(f), which states:

> (f) *Determining accuracy of plea.*—Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

[¶ 20] Also,

> This provision does not require proof beyond a reasonable doubt that a defendant who pleads is actually guilty; the rule's standard is much lower. Rule 11(f) merely requires the court to satisfy itself that a factual basis exists for the guilty plea before accepting the plea.

*Maes,* ¶ 10, 114 P.3d at 710–11.

[¶ 21] To begin our analysis of whether Jones' plea was voluntary, we restate our test used in making that determination:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Maes,* ¶ 16, 114 P.3d at 713 (quoting *Rodriguez v. State,* 917 P.2d 172, 175 (Wyo.1996)). In Wyoming, this test is fulfilled when the

requirements of W.R.Cr.P. 11(b)(1) are followed. Before accepting a plea of guilty, this rule requires the district court to advise a defendant regarding the following:

> The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction including, when applicable, the general nature of any mandatory assessments (such as the surcharge for the Crime Victim Compensation Account), discretionary assessments (costs, attorney fees, restitution, etc.) and, in controlled substance offenses, the potential loss of entitlement to federal benefits.

W.R.Cr.P. 11(b)(1). The intent of the procedural requirements of Rule 11 is to "prevent the individual charged with a crime from being misled into a waiver of substantial rights." *Mehring v. State*, 860 P.2d 1101, 1106 (Wyo.1993). In some circumstances, a simple reading of the information and allowing a defendant to ask questions satisfies the requirements of Rule 11; however, in other situations:

> [I]t may be necessary to explain the elements of the crime and define complex legal terms. The actions required of the district court in any particular case depend largely on whether the elements of the offense are difficult to understand, considering both their complexity to the average person with no legal training and the sophistication of the individual defendant.

*Peper v. State*, 768 P.2d 26, 29 (Wyo.1989) (citations omitted).

[¶ 22] At the change of plea hearing, the district court read to Jones each count of the amended information, including the appropriate portion of the habitual offender statute that had been agreed upon pursuant to the plea agreement. Additionally, the court also gave Jones the appropriate admonitions regarding maximum terms and fines associated with each count, the imposition of court costs, the Crime Victims' Compensation surcharge, restitution, and repayment of public defender fees. Furthermore, Jones was advised, among other things, that he could lose certain civil rights, that he was giving up his right to challenge any errors or omissions in the charging documents, and that he was waiving any defenses and the presumption of innocence. Jones was asked by the court if he had discussed his choice to plead guilty with his attorney and whether he was doing so voluntarily. All of Jones' answers indicate that he knew full well what he was doing, that he was not under the influence, and that there existed no other factor that would affect his ability to understand the charges.

[¶ 23] Though Jones' answers indicate that he was fully aware of the proceedings and their consequences, he nevertheless argues that a sufficient factual basis regarding the "deadly weapon" element of his crime was lacking. This Court has explained that:

> The intent of the procedural requirement of a factual basis is to prevent the individual charged with a crime from being misled into a waiver of substantial rights. *Sami v. State*, 2004 WY 23, ¶ 9, 85 P.3d 1014, ¶ 9 (Wyo.2004). A sufficient inquiry to obtain a factual basis includes a determination that the defendant understood his conduct, in light of the law, to be criminal. *Id.* However, the factual basis for accepting a plea may be inferred from circumstances surrounding the crime and need not be established only from the defendant's statements. *Id.* W.R.Cr.P. 11 does not require proof beyond a reasonable doubt that a defendant who pleads guilty is actually guilty nor does it require complete descriptions of the elements. *Id.*

*Maes*, ¶ 21, 114 P.3d at 714.

[¶ 24] Here, the district court began the factual basis portion of the hearing by asking Jones what conduct he engaged in on March 10, 2007, that was a violation of the law. After Jones briefly spoke, the court began to ask more pointed questions.

> The Court: All right. Let's talk about the charges here. Just very briefly tell me what you did that was a violation of the law on March 10th.
>
> Jones: Well, I came home and I only did just a little bit of drinking and I hit her and I tore up the house. What I did wasn't right and I shouldn't have done it.
>
> The Court: Now, who did you hit?

Jones: My wife.

The Court: What did you hit her with?

Jones: I pushed her. She hit her head.

The Court: She hit her head on what?

Jones: The cabinet or something, I don't know, in the bathroom, bed, or something. I don't know what it was.

The Court: The charge said that you attempted to cause—

Jones: I think I threw a chair too, I don't know. I did a lot of stuff that I can't remember.

The Court: Okay. Well, to have a factual basis there has to be a deadly weapon involved at some point. Now, it doesn't have to be a gun or knife but it could be something else.

Jones: Yeah, I threw a chair.

The Court: You threw a chair at her?

All right. You said you then trashed the place. Was that the word you used?

[¶ 25] The prosecutor also made an offer of proof to the court regarding what evidence would have been presented had the case gone to trial.

I guess, Your Honor, [the] only other thing that I would add to the factual basis—and I think that the exhibits speak for themselves, but were Mr. Jones' wife to testify she would have testified that she was struck with a chair. That she had her head rammed through a door. That she was struck with a bed rail or some similar object. That there was material lit in her presence with a lighter at the same time she was told she was going to die and that all of those things in there that were used would have been deadly weapons in this case.

The following exchange then occurred:

The Court: All right. Mr. Wolfe, do you have any comments or concerns on the factual basis or other items I've covered with your client?

Mr. Wolfe: No, Your Honor.

Court: Mr. Jones, is there any reason the court should not accept your guilty pleas?

Jones: No, Your Honor.

[¶ 26] Given the facts and circumstances of the crime, the prosecutor's statement and Jones' statement, we conclude that the district court was presented with a sufficient factual basis to accept the guilty plea. The district court made no error in its determination that this was so.

### CONCLUSION

[¶ 27] We affirm the district court's judgment and sentence with respect to the crimes charged and the penal sentences imposed. However, we reverse that portion of the sentence which ordered Jones to pay restitution for "loss of support," and we remand this matter to the district court for further proceedings in that regard, as more fully set out above.