# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 102

APRIL TERM, A.D. 2013

August 29, 2013

CHARLES FREDERICK SECREST,

Appellant
(Defendant),

v.                                                          S-12-0263

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sublette County*
*The Honorable Marvin L. Tyler, Judge*

*Representing Appellant:*

Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel, Wyoming Public Defender Program, Cheyenne, WY. Argument by Mr. Alden.

*Representing Appellee:*

Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director, Prosecution Assistance Clinic; Emily Thomas, Student Director; and Jared D. Holbrook, Student Intern. Argument by Mr. Holbrook.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**HILL,** Justice.

[¶1] Following a jury trial, Charles Secrest (Secrest) was found guilty of aggravated assault and battery. On appeal, Secrest contends that the district court violated his Sixth Amendment right to counsel when the court denied his motion to continue his jury trial to allow his newly retained counsel additional time to prepare for trial. Secrest further contends that the jury's special verdict findings contain inconsistencies that require a new trial. We affirm.

## ISSUES

[¶2] Secrest states the issues on appeal as follows:

> I.      Was Mr. Secrest denied his constitutional right  to representation by the attorney of his choice?

> II.     Was the jury's verdict defective?

## FACTS

[¶3] On the evening of August 13, 2011, Secrest was at a bar in Big Piney, Wyoming with some of his co-workers, including Zach Barnes. Secrest and Barnes had a disagreement, and after they left the bar, Secrest struck Barnes on the head and face with a beer bottle. As a result of the beating, Barnes received five sutures to his lip, four sutures to his forehead, and four sutures to this cheek.

[¶4] On October 20, 2011, a criminal information was filed in district court, charging Secrest with one count of aggravated assault and battery. Secrest pled not guilty at his October 26, 2011 arraignment and requested a jury trial. On October 27, 2011, the court issued an order setting a trial date of April 2, 2012.

[¶5] On March 12, 2012, Secrest submitted a letter to the court, stating that he did not feel that he was receiving adequate legal representation and requesting appointment of a new public defender. On March 14, 2012, the court held a hearing on Secrest's request. The court informed Secrest that appointment of new counsel would temporarily stop the speedy trial clock and delay trial, and Secrest indicated his understanding of this. On March 15, 2012, the court issued an order directing the appointment of a new public defender to represent Secrest.

[¶6] On April 2, 2012, a new public defender was assigned to represent Secrest, and on April 5, 2012, the court issued a second case management order setting a new trial date of June 25, 2012. On May 7, 2012, the court held a pretrial conference, during which no continuances were requested and Secrest stated that he was satisfied with his attorney's representation. On June 5, 2012, Secrest filed a Motion to Continue Jury Trial. In

1

support of this motion, Secrest stated that he needed to schedule eye surgery, that he needed to retain a forensic expert to review photographs and reports relating to the victim's injuries, and that his attorney needed additional time to prepare for trial. The State objected, and on June 11, 2012, the court issued an order denying the motion to continue.

[¶7]   On June 18, 2012, one week before trial, Secrest filed a second motion to continue. In support of this motion, Secrest stated that he had retained private counsel, that his private counsel required additional time to prepare for trial, and that he was waiving his right to a speedy trial. On June 19, 2012, Secrest's private counsel filed a motion for substitution of counsel, and on June 20, 2012, Secrest's public defender filed a motion to withdraw as counsel. The State objected to the motion to continue and the related motions to withdraw and substitute counsel. The State objected on grounds that Secrest had not shown good cause for the continuance and that a continuance would prejudice the State. With regard to prejudice, the State argued that its case rested largely on eyewitness accounts and further delay would prejudice the State because memories may fade, witnesses may become unavailable, and the State had already purchased a non-refundable airline ticket for one of its witnesses.

[¶8]   On June 22, 2012, the court held a hearing on all pending motions. During that hearing, Secrest informed the court that he was satisfied with the representation that both his retained and appointed attorneys had provided him. The court then heard argument and denied the motion to continue. In so ruling, the court explained:

> COURT: …     I'm totally understanding of a defendant's desire to obtain counsel of his choosing given his ability to do so, but in this case I'm concerned based on what I've seen just in the chronology that I went through a few moments ago for [private counsel's] benefit where there's a replacement of counsel due to dissatisfaction of representation by the Defendant in March that delayed the first trial, there's appointment of new counsel and then in early June there's a motion to continue for reasons that are set forth in that first motion to continue, but for reasons which I found did not constitute good grounds or good cause to want me to grant an order allowing a continuance of the jury trial. … Mr. Secrest apparently just submitted his agreement with [private counsel] to represent him two days ago, not even two full days ago, Wednesday the 20th, and again we're on Friday, the trial is set for Monday. I'm having a tough time trying to balance in the interest of justice and fairness this motion to continue this trial so that [private counsel] can get up to speed given the manner in which this chronology has

2

come forward almost – I mean we're approaching—we've exceeded 10 months, we're approaching 11 months from the date that the incident occurred, allegedly occurred that led to these charges. This is not, within my view, the concept of speedy trial that the Defendant has a right to, the State has a right to and the Court is obligated to enforce. Given the overall circumstances, the chronology on how this has occurred, …, for reasons of potential prejudice to the State, if they have witnesses who are beyond the subpoena power of this Court and those witnesses just change their mind, they're not going to put up with continuances and interruption of their daily lives to just come and testify as witnesses. I've got 40 some jurors, potential jurors who are waiting at this point to know whether they need to show up Monday or not show up on Monday who have already set aside essentially a week out of their lives because we've told them we've set aside five days for this trial. There are these factors that have to be put in balance with Mr. Secrest's right to have the attorney of his choice represent him at the trial and have effective assistance of counsel in that representation.

[¶9]    The court also denied the motions to substitute counsel and to allow Secrest's public defender to withdraw. The following exchange occurred between the court and Secrest's privately retained counsel regarding that ruling:

> COURT: Well, I'm going to deny the Second Motion to Continue. I'll deny the motion to withdraw by appointed counsel and I guess along with that the motion to substitute [private counsel] in as the attorney for appointed counsel. Whether [private counsel] wants to maintain his entry of appearance in this case and assist at trial is a decision between Mr. Secrest, [private counsel] and [the public defender], but I don't have any right to invade into that decision or understanding on how that's going to work.
> [Private Counsel]: I'll tell the Court now and Counsel that I will assist.

Secrest's private counsel did appear and participate at Secrest's trial, which participation included conducting *voir dire* and presenting closing argument.

[¶10]  At the conclusion of the evidence and closing arguments, the jury was provided a verdict form that allowed it to consider the charge of aggravated assault and battery, and

the lesser charge of battery. With respect to aggravated assault and battery, the verdict form read:



1.      As to the crime of Aggravated Assault and Battery as charged, the Defendant, CHARLES F. SECREST, is:

_____ NOT GUILTY

_____ GUILTY (mark any of the following that apply)

[Your verdict must be unanimous as to one or more of the following]

☐      GUILTY of attempting to cause bodily injury to another, Zach Barnes, with a deadly weapon

☐      GUILTY of intentionally causing bodily injury to another, Zach Barnes, with a deadly weapon

☐      GUILTY of knowingly causing bodily injury to another, Zach Barnes, with a deadly weapon

[¶11]  The jury returned a verdict finding Secrest guilty of aggravated assault and battery. In so finding, the jury marked the first two boxes under that count of the form, indicating that it found Secrest guilty because he attempted to cause, and intentionally caused, bodily injury to Zach Barnes with a deadly weapon. The jury did not check the third box for "knowingly causing bodily injury to another with a deadly weapon."

[¶12]  The district court entered judgment against Secrest and sentenced him to a term of four to seven years in the Wyoming State Penitentiary, with 326 days credit for time served. Secrest timely filed a notice of appeal.

**DISCUSSION**

**A.      Denial of Motion to Continue**

[¶13]  This Court reviews the grant or denial of a motion to continue as follows:

We have consistently held that the grant or denial of a motion for continuance is a discretionary ruling of the district court and, unless a clear showing of an abuse of discretion resulting in manifest injustice has been shown by the challenging party, we will not disturb that ruling. *Sincock v. State*, 2003 WY 115, ¶ 25, 76 P.3d 323, 333-34 (Wyo. 2003); *Clearwater v. State*, 2 P.3d 548, 553 (Wyo. 2000). The determination of whether the district court abused its

4

discretion in refusing to grant a continuance is highly dependent upon the facts and circumstances of the individual case. *Sincock*, ¶ 25, 76 P.3d at 333. On review, our primary consideration is the reasonableness of the district court's decision. *Id*.

*Grady v. State*, 2008 WY 144, ¶ 18, 197 P.3d 722, 729 (Wyo. 2008).

[¶14] Secrest argues for a different standard of review, contending that because his constitutional right to counsel is at issue, our review should be *de novo*. The issue more precisely stated, however, is whether the district court should have granted Secrest's motion to continue in order to allow his newly retained attorney additional time to prepare for trial. On this question, whether a continuance should have been granted to allow counsel additional time to prepare for trial, we have consistently adhered to our abuse of discretion standard of review. *See Shipman v. State*, 2001 WY 11, ¶ 19, 17 P.3d 34, 38 (Wyo. 2001); *Irvin v. State*, 584 P.2d 1068, 1073 (Wyo. 1978); *Adger v. State*, 584 P.2d 1056, 1058 (Wyo. 1978); *Ash v. State*, 555 P.2d 221, 225 (Wyo. 1976); *see also United States v. Mendoza-Salgado*, 964 F.2d 993, 1016 (10th Cir. 1992) ("Because the factors influencing a particular case often vary, the district court enjoys broad discretion on matters of continuances, even when the parties implicate Sixth Amendment issues.").

[¶15] Secrest argues on appeal that the district court impermissibly interfered with Secrest's Sixth Amendment right to counsel of his choice by denying his motion to continue. We disagree.

[¶16] A defendant's Sixth Amendment right to counsel does include the right to be represented by an attorney of the defendant's own choice. *Irvin*, 584 P.2d at 1070 (citing *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954)). That right is not, however, without limits. The United States Supreme Court has recognized "a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152, 126 S.Ct. 2557, 2565-66, 165 L.Ed.2d 409 (2006) (citations omitted). We agree with the following factors enumerated by the Tenth Circuit for balancing a defendant's right to retain counsel of choice against the needs of fairness and a court's administration of justice:

> In weighing this balance, courts may consider whether a continuance to allow one's preferred attorney to handle the case "would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay"; or whether the defendant contributed to the circumstances which gave rise to the request for a continuance. *United States v. Kelm*, 827

F.2d 1319, 1322 n.2 (9th Cir. 1987). Similarly, courts may consider whether defendant has other competent counsel prepared to try the case, with attention to whether defendant obtained the other counsel as lead or associate counsel; whether rejecting defendant's request for delay will result in identifiable prejudice to his case; whether this prejudice constitutes a material or substantial harm; and whether the complexity of the action or other relevant factors peculiar to the specific case necessitates further delay. *United States v. Burton*, 584 F.2d 485, 491 (D.C. Cir. 1978), *cert. denied*, 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979).

*Mendoza-Salgado*, 964 F.2d at 1016; *see also Shipman*, ¶ 20, 17 P.3d at 38 (upholding denial of continuance where new counsel entered case knowing trial date had been scheduled for months and concluding that "Appellant's decision to add additional counsel at that late date should not require the court to further delay the trial"); *Irvin*, 584 P.2d at 1073-74 (upholding denial of continuance to allow defendant to prepare to proceed *pro se* where no justification was shown for discharge of public defender, defendant was dilatory in making request, and defendant made no showing he was denied a fair trial); *Ash*, 555 P.2d at 224-25 (upholding denial of continuance and citing defendant's lack of diligence in retaining counsel and lack of prejudice to defendant by denial of continuance).

[¶17]   On consideration of the factors set forth above, those defined by the Tenth Circuit and by this Court's own precedent, we find no abuse of discretion in the denial of Secrest's motion to continue.  Secrest's trial had already been delayed once for a substitution of counsel, and his case had been pending for ten months, when Secrest retained new counsel less than a week before his second trial was scheduled to begin. Secrest expressed no dissatisfaction with his appointed counsel, and his new counsel was aware of the trial date when he agreed to represent Secrest.  The State expressed concerns relating to witness recollections and continuing availability, and the court cited its own concerns related to the court's calendar and the availability of future trial dates, as well as inconvenience to jurors.  Finally, although the court denied a continuance, it nonetheless allowed Secrest's newly retained attorney to enter his appearance and participate in the trial to the extent Secrest wished him to participate, along with appointed counsel, and Secrest indicated during sentencing that he was satisfied with his attorneys' representation of him.  In light of this record, we can find no abuse of discretion in the district court's balancing of the relevant factors and denial of the motion to continue.

## B.   Verdict Form

[¶18]   In his second assignment of error, Secrest asserts that he is entitled to a new trial because the verdict and judgment against him were not consistent with jury's findings on

the special verdict form. Because Secrest did not raise this issue below, our review is limited to a review for plain error. *Jealous v. State*, 2011 WY 171, ¶ 11, 267 P.3d 1101, 1104 (Wyo. 2011); *Clegg v. State*, 655 P.2d 1240, 1243 (Wyo. 1982) (failing to object to verdict form limits review to a plain error review).

> To show plain error, an appellant "must establish, by reference to the record, a violation of a clear and unequivocal rule of law in a clear and obvious, not merely arguable, way and that the violation adversely affected a substantial right resulting in material prejudice." *Jealous v. State*, 2011 WY 171, ¶ 11, 267 P.3d 1101, 1104 (Wyo. 2011) (citing *Cazier v. State*, 2006 WY 153, ¶ 10, 148 P.3d 23, 28 (Wyo. 2006)). To establish material prejudice, an appellant "must show a reasonable possibility exists that he would have received a more favorable verdict in the absence of the errors." *Jealous*, ¶ 11, 267 P.3d at 1104 (citing *Pendleton v. State*, 2008 WY 36, ¶ 11, 180 P.3d 212, 216 (Wyo. 2008)).

*Joreski v. State*, 2012 WY 143, ¶ 11, 288 P.3d 413, 416 (Wyo. 2012).

[¶19]  On the verdict form, the jury recorded a verdict finding Secrest guilty of aggravated assault and battery, and the jury indicated in its special findings that it found Secrest guilty because he attempted to cause, and intentionally caused, bodily injury to Zach Barnes with a deadly weapon. The jury did not check the box, and therefore did not find, that Secrest "knowingly" caused bodily injury to another with a deadly weapon. Secrest argues that the jury's finding that he "intentionally caused" bodily injury, without also finding that he "knowingly caused" bodily injury, is an inconsistency that renders the jury's verdict invalid. We disagree and find no violation of a clear and unequivocal rule of law.

[¶20]  First, we find no inconsistency between the jury's verdict and its special findings. The jury found Secrest guilty of aggravated assault and battery, in violation of Wyo. Stat. Ann. § 6-2-502(a)(ii), which provides:

> (a)  A person is guilty of aggravated assault and battery if he:
>
> . . . .
>
> (ii) Attempts to cause, *or* intentionally *or* knowingly causes bodily injury to another with a deadly weapon[.]

Wyo. Stat. Ann. § 6-2-502(a)(ii) (LexisNexis 2013) (emphasis added). The legislature's use of the word "or" indicates that a finding of any one or more of the three states of mind is sufficient to support a conviction. *Burnett v. State*, 2011 WY 169, ¶ 22, 267 P.3d

1083, 1090 (Wyo. 2011); *Giles v. State*, 2004 WY 101, ¶ 46, 96 P.3d 1027, 1043 (Wyo. 2004) (use of disjunctive represents a choice among alternatives and indicates that jury must find defendant "acted in at least one of the enumerated manners"). Because the jury found that Secrest both attempted to cause and intentionally caused bodily injury to Zach Barnes with a deadly weapon, its special findings were consistent with the verdict and judgment against Secrest for aggravated assault and battery.

[¶21] Second, even if there were an arguable inconsistency in the findings relating to "intentionally" and "knowingly," based on the definition of those terms, this Court has repeatedly held that inconsistencies in a verdict form do not affect the validity of the verdict. *Jealous*, ¶ 19, 267 P.3d at 1106 ("This Court has long followed the general rule that consistency in a jury's verdict is not required."); *Mickelson v. State*, 2008 WY 29, ¶ 14, 178 P.3d 1080, 1084 (Wyo. 2008); *Moore v. State*, 2003 WY 153, ¶ 16, 80 P.3d 191, 196 (Wyo. 2003). We have adopted the following rationale for this rule:

> In a case in which there are multiple counts, each one is treated as if it were a separate indictment. The verdict on the various counts need not be consistent. An acquittal on one count does not prevent conviction on another, even though the evidence is the same and defendant could not have committed one crime without committing both, so long as the evidence is sufficient to support conviction on the count on which a guilty verdict was reached.

*Moore*, ¶ 16, 80 P.3d at 196 (quoting 3 Charles Alan Wright, *Federal Practice and Procedure* § 514 at 14–16 (1982)).

[¶22] Secrest does not contend that the evidence was insufficient to support the jury's special findings or that the evidence was insufficient to support a guilty verdict on the charge of aggravated assault and battery. Secrest's argument is solely that the alleged inconsistencies in the jury's special findings render its verdict invalid. Based on our clear precedent, we reject this argument, and we find no violation of a clear and unequivocal rule of law, and thus no plain error.

## CONCLUSION

[¶23] The district court did not abuse its discretion in denying Secrest's motion to continue his jury trial to allow newly retained counsel additional time to prepare for trial, and there was no plain error in the alleged inconsistencies in the verdict form. Affirmed.