2017 WY 120

**Michael Joseph FLORES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**S-17-0051**

Supreme Court of Wyoming.

October 10, 2017

Representing Appellant: Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; P. Craig Silva, Appointed Assistant Public Defender

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Michael R. Armstrong, Assistant Attorney General

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

DAVIS, Justice.

[¶1] Michael Flores appeals from his conviction for interfering with a peace officer under Wyo. Stat. Ann. § 6-5-204(b) (Lexis-Nexis 2017),[1] which provides that "[a] person who intentionally and knowingly causes or attempts to cause bodily injury to a peace officer engaged in the lawful performance of his duties is guilty of a felony[.]" He asks only whether the evidence was sufficient to sustain that conviction. We affirm.

## FACTS

[¶2] Shortly after 5:00 p.m. on April 8, 2015, one of Flores' neighbors in a 4-unit apartment building heard loud yelling punctuated by Flores screaming that he was going to kill some unidentified person. Concerned that someone might be in danger, the neighbor reported the disturbance to the Cheyenne police. Officers Allen and Zabriskie arrived shortly thereafter.

[¶3] The officers knocked and announced their presence, but no one responded at either the main entrance to the apartment or the sliding glass door at its rear. Zabriskie stayed at that door while Allen and the newly arrived Sgt. Wrede returned to the front door to once again seek a response from inside the apartment. When that effort proved unavailing, employees of the company that managed the building brought the officers a key to Flores' apartment. That key, however, did not work, so one of the management company's employees kicked open the main entrance and opened the sliding glass door for Officer Zabriskie.

[¶4] As Officer Allen moved into a hallway inside the apartment, he saw Flores standing in a doorway at the other end. In the room behind Flores, Allen saw a man who was not moving on a bed. He ordered Flores to move so that he could check on the reclining man's condition, but Flores refused and braced himself in the doorway to block the officer's passage. In response, Allen put him on the floor, and when Flores rolled to his stomach and stuck his hands underneath, Wrede and Zabriskie assisted in pulling his arms out so he could be handcuffed and his waistband could be checked for weapons. Allen then woke the man on the bed and found that although he was uninjured, he was very intoxicated.

---

1. Flores was also convicted of a misdemeanor charge of interfering with an officer and a breach of peace, but neither are challenged in this appeal.

[¶5] Officers Allen and Zabriskie then escorted Flores down a set of exterior stairs attached to the deck at the rear entrance to the apartment, and to Allen's patrol vehicle approximately half a block away. From the stairs to the vehicle, Flores continually attempted to pull away from one officer and then the other, and told Zabriskie he would "kick their butts." He continued pushing and pulling at the vehicle while Allen was attempting to search him for weapons and contraband, so Zabriskie pressed him face first into the side of the vehicle to control him. When Allen completed his search, Zabriskie turned him around, and Flores bent at the waist to push himself away from the patrol car and into Zabriskie.

[¶6] While he was bent over, Allen opened the rear door of the vehicle, and Zabriskie took advantage of that position by pushing Flores backward into the rear seat, where he rocked onto his back with his feet sticking outside the door frame. As Zabriskie leaned inside to swing his legs away from the upper rear of the door opening, Flores pulled both of his knees to his chest and—intentionally, in the officer's mind—kicked him primarily with his right foot, with enough force to push him out of the vehicle.[2] The kick struck Zabriskie in the region of his solar plexus, which was covered by a portion of a rigid plate inside the officer's protective vest, but it temporarily knocked the wind out of him. The area remained tender for a few days after the incident, and it hurt whenever his movements brought it into contact with the body armor he wore on the job.

[¶7] Flores was later charged and convicted of a breach of the peace for loudly disturbing his neighbors, a misdemeanor interference count in relation to his actions toward Officer Allen inside his apartment, and a felony interference count for kicking Officer Zabriskie. He timely perfected an appeal from the felony conviction.

## DISCUSSION

[¶8] As noted above, one may commit felony interference under Wyo. Stat. Ann. § 6-5-

204(b) either by intentionally and knowingly causing or by attempting to cause bodily injury to a peace officer. Because the crime may be committed by alternative means, one might expect that Flores' sufficiency of the evidence challenge to his conviction would invoke the rule announced in cases such as *Bush v. State*, 908 P.2d 963 (Wyo. 1995), and *Tanner v. State*, 2002 WY 170, 57 P.3d 1242 (Wyo. 2002).

[¶9] In that line of cases we have held that where the charging document and the instructions describe an offense by referencing statutory language which sets out alternative elements, and a general verdict is supportable on one basis but not the other, we will set aside the verdict if it is impossible to determine which ground the jury selected. *Simmons v. State*, 2003 WY 84, ¶ 29, 72 P.3d 803, 813 (Wyo. 2003); *Bush*, 908 P.2d at 966. In this case, both the information and the pertinent elements instruction described the felony interference charge using both the "intentionally and knowingly cause" and the "attempting to cause" language of § 6-5-204(b).

[¶10] Nevertheless, Flores has raised no *Bush* claim on appeal, and he posed no objection on that basis in the district court. Rather, he asserts that it was clear to all involved in the trial that the State was proceeding on the single theory that he intentionally and knowingly caused bodily injury to Zabriskie. That assertion rests on the fact that the prosecutor expressly informed the jury, after describing the kicking incident during his closing argument, that he was not alleging that Flores merely attempted to injure the officer—he was alleging Flores had indeed injured him. It should also be noted that defense counsel reminded the jury of the State's position during his own closing argument.

[¶11] We need not delve deeper into *Bush* and *Tanner* here, for Flores has not raised that issue.[3] He only poses the question of

---

2. The struggle at and in Officer Allen's patrol vehicle was video recorded by an interior camera, and a portion of that video was played for the jury by stipulation of the parties.

3. We note in passing that in *Tanner*, we declined to look to a prosecutor's actions during trial as a basis for overlooking an information and instructions that indicated he was advancing two alter-

whether the State provided sufficient evidence that he intentionally kicked Officer Zabriskie, and that he caused bodily injury to the officer.

[¶12] In evaluating the sufficiency of the evidence to support a criminal conviction, this Court considers whether a rational trier of fact could find that the essential elements of a crime were proven beyond a reasonable doubt. Our review gives the State the benefit of every favorable inference that may reasonably and fairly be drawn from its evidence and ignores any conflicting evidence provided by the defendant. *Brown v. State*, 2014 WY 104, ¶ 8, 332 P.3d 1168, 1171-72 (Wyo. 2014); *Simmons*, ¶ 28, 72 P.3d at 813.

[¶13] As noted above, the State introduced testimony that Flores stubbornly used physical force against Officers Allen and Zabriskie to keep them from carrying out their duties. When Allen attempted to check on the welfare of Flores' immobile guest, he clung to a door jamb to prevent the officer from passing. After being taken to the floor by officers to prevent further obstructions, he then struggled with them to keep his hands under his body so he could not be handcuffed. Shortly thereafter he pulled and pushed on Allen and Zabriskie as they guided him half a block to a patrol car, and upon being held in place while Allen searched him, he bent forward to push himself away from the vehicle.

[¶14] These instances of his intentional use of aggressive physical force towards the officers immediately preceded kicking Officer Zabriskie, and they can fairly and rationally be said to demonstrate his state of mind at the time of that slightly later act. As for his assertion that the kicking was a reflexive rather than an intentional act—an undirected natural consequence of being pushed onto his back in the patrol car—we reject that notion for two reasons.

[¶15] First, our standard for evaluating sufficiency of the evidence questions requires us to view the evidence in the light most favorable to the State. Second, the video shows that although his feet may have reflexively flown up when Flores was first placed in the vehicle, they flew up to the upper rear of the door opening, away from Zabriskie, who was still fully outside the vehicle. When the officer then grabbed his feet and leaned inside to swing them away from the door, Flores cocked his knees and struck his feet out directly at the officer. We believe a rational jury could find from the evidence that kicking Zabriskie was intentional beyond a reasonable doubt.

[¶16] We reach a similar conclusion regarding the evidence that Flores thereby caused bodily injury to the officer. The term "bodily injury" is defined by Wyo. Stat. Ann. § 6-1-104(a)(i)(B) (LexisNexis 2017) as meaning, among other things, physical pain. We have noted that the statute does not specify any particular degree of pain that must exist to hold a defendant criminally liable for inflicting bodily injury. *Grimes v. State*, 2013 WY 84, ¶ 15, 304 P.3d 972, 976-77 (Wyo. 2013); *Mascarenas v. State*, 2003 WY 124, ¶ 15, 76 P.3d 1258, 1265 (Wyo. 2003). Accordingly, an officer's testimony that he suffered pain is sufficient to establish the bodily injury element of felony interference with a peace officer. *Grimes*, ¶ 15, 304 P.3d at 977.

[¶17] As set out above, Officer Zabriskie testified that a rather forceful kick from Flores struck him in the vicinity of his solar plexus, and that it hit part of a rigid plate inside his protective vest. He also testified that the impacted area of his body remained tender for a few days and hurt whenever his body armor contacted it. This was sufficient to establish that he suffered pain and bodily injury.

---

native theories of guilt provided by Wyoming's burglary statute. However, in that case we were asked to infer that the prosecutor was advancing only one theory from his mere failure to put on evidence supporting the alternative basis for conviction or address that alternative in his closing argument. We concluded that if such was indeed

his intent, it would be entirely speculative to say the jury got that message. *Tanner*, ¶ 14, 57 P.3d at 1246. Those circumstances did not include the clear and direct statement of that intent from both the prosecutor and defense counsel that we find in Flores' case.

## CONCLUSION

[¶18] The State's evidence sufficiently supported its charge that Flores intentionally and knowingly caused bodily injury to Officer Zabriskie. Consequently, we affirm his conviction for felony interference with a peace officer.